**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Douglas SHARP, Defendant–Appellee.**

No. 88–5186.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 1989 *.

Decided Aug. 29, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**830**

Thomas H. Bienert, Jr., Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellant.

Elsa Leyva, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellee.

Before BROWNING, FARRIS and CANBY, Circuit Judges.

PER CURIAM:

The government's appeal from the sentence imposed on Douglas Sharp requires us to determine whether a district court may justify a sentence below the minimum established by the Anti–Drug Abuse Act of 1986 by relying upon mitigating circumstances sufficient to justify a sentence below the minimum established by the United States Sentencing Guidelines. We hold that it may not, and therefore vacate Sharp's sentence and remand for resentencing.

I.

Sharp was convicted by a jury of one count of conspiracy and one count of possession with intent to distribute 4,985 grams of cocaine, in violation of 21 U.S.C. § 846 and § 841(a), respectively. When Sharp was sentenced in May 1988, both the sentencing guidelines and the mandatory minimum sentencing provisions of section 841, as amended by the Anti–Drug Abuse Act of 1986, Pub.L. 99–570, 100 Stat. 3207, 3207–3 to 3207–4 (1986), were in effect.

Given the nature of Sharp's offense and his criminal history, the guidelines prescribed a sentencing range of 97 to 121 months. Section 841(b)(1)(B), which sets the sentences for convictions under both section 841 [1] and section 846,[2] mandated a minimum sentence of 60 months and a maximum of 480 months on each count.

**1.** This subsection applies to violations of § 841(a) involving 500 grams or more of cocaine. 21 U.S.C. § 841(b)(1)(B)(ii).

**2.** "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

The district court declined to sentence Sharp under the guidelines, which it had previously held unconstitutional as violative of due process and separation of powers. *See United States v. Ortega Lopez,* 684 F.Supp. 1506, 1515 (C.D.Cal.1988). The court also declined to sentence Sharp under section 841(b), holding the mandatory provisions of that statute no less violative of due process than the guidelines.

The court sentenced Sharp to 60 months on each count, but suspended sentence upon condition Sharp serve six months incarceration followed by five years probation and perform 500 hours of community service. Alternatively, if Sharp's original sentence were vacated, Sharp was sentenced to serve the full 60 months imprisonment on each count, to run concurrently, and pay a $50 special assessment fee on each count.

The government appeals and urges that the alternate sentence be enforced.

## II.

We agree with the Third and the Eighth Circuits that when a statute requires a sentence different than that set by the guidelines, the statute controls. *See United States v. Donley,* 878 F.2d 735, 740–41 (3d Cir.1989); *United States v. Savage,* 863 F.2d 595, 600 (8th Cir.1988). Indeed, the Sentencing Commission, in commentary to the guidelines, expressly deferred to statutorily mandated sentences that conflict with the guidelines. *See* Sentencing Guidelines § 5G1.1 commentary.[3]

Where, as here, the statutory sentencing floor is lower than that of the guidelines, the district court can exercise its discretion to reduce the sentence based on mitigating factors to a term less than the guidelines range minimum, *see id.* §§ 5K2.0–5K2.14, but not less than the statutory minimum. The district court may impose a sentence "below [the] level established by the statute as [a] minimum sentence," in this case 60 months, only if, "[u]pon motion of the Government," the

court finds the defendant offered "substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e).

The government did not move and the district court did not find that Sharp offered any such assistance. Rather, the court suspended all but six months of Sharp's sentence and imposed probation because Sharp was a first offender and because the district court believed Sharp was coerced into the illegal activity. Whether or not these factors might allow the court to depart below the 97–month minimum term imposed by the guidelines, they cannot be used to allow Sharp to serve a term less than the 60–month minimum imposed by section 841(b)(1)(B). As the guidelines explain, "[i]f application of the guidelines results in a sentence below the minimum sentence required by the statute, the statutory minimum shall be the guideline sentence." Sentencing Guidelines § 5G1.1(b).

In section 841(b), Congress set the minimum prison terms for drug offenders, *see United States v. Hoyt,* 879 F.2d 505, 511–12 (9th Cir.1989), and the statute expressly prohibits suspension of sentence or probation. 21 U.S.C. § 841(b)(1)(B). The sentence imposed violates these requirements. We therefore vacate Sharp's sentence and remand for execution of the alternate sentence, except the provision imposing special assessment fees.[4]

Sharp argues the mandatory provisions of section 841(b) violate due process, but we have held to the contrary. *See United States v. Kidder,* 869 F.2d 1328, 1334–35 (9th Cir.1989); *United States v. Klein,* 860 F.2d 1489, 1501 (9th Cir.1988).[5]

**VACATED and REMANDED.**

---

**3.** "If the statute requires imposition of a sentence other than that required by the guidelines, the statute shall control." United States Sentencing Guidelines § 5G1.1 commentary.

**4.** We vacate that portion of the alternate sentence imposing $100 in special assessment fees because of our recent holding that 18 U.S.C. § 3013 and the special assessment fee imposed thereunder is unconstitutional. *See United*

*States v. Anguiano*, 873 F.2d 1314, 1321 (9th Cir.1989).

5. Because we hold the statute controls Sharp's sentencing, we do not address the district court's holding that the sentencing guidelines violate due process, an issue not addressed by the Supreme Court when it held the guidelines did not violate the constitutional doctrine of separation of powers. *See Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).