942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur Richard SANCHEZ, Defendant-Appellant.
 No. 89-10422.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 28, 1991.
 
 Before JAMES R. BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Richard Sanchez appeals his sentence imposed following entry of a guilty plea to one count of possession of counterfeit federal reserve notes, in violation of 18 U.S.C. § 472, and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).
 
 
 3
 Counsel for Sanchez filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identified one possible issue for review: whether the district court erred by imposing the 240 month mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) where the applicable United States Sentencing Guidelines (Guidelines) range would have provided for a lesser sentence.[1] We have jurisdiction under 28 U.S.C. § 1291 and we grant counsel's motion to withdraw and affirm the sentence.
 
 
 4
 We review de novo a district court's application of the Guidelines. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990). The Guidelines applicable to Sanchez specifically provide that, "[i]f application of the guidelines results in a sentence below the minimum sentence required by statute, the statutory minimum shall be the guideline sentence." U.S.S.G. § 5G1.1 (1987);[2] see also United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) ("when a statute requires a sentence different than that set by the guidelines, the statute controls"). Therefore, the district court did not err by sentencing Sanchez to the statutory mandatory minimum sentence even though the upper limit of the Guidelines range was lower than the statutory minimum. See U.S.S.G. § 5G1.1; Sharp, 883 F.2d at 831.
 
 
 5
 The motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Following review of the record on appeal, we discern no other possible issues for appeal
 
 
 [2]
 Section 5G1.1 was amended effective November 1, 1989 in order to clarify its meaning. The amended section provides, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily authorized minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1 (1990)