967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Sergio ALCARAZ-PERALTA, Defendant-Appellee.
 No. 91-10510.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1992.*
Decided July 2, 1992.
 
 Before JAMES R. BROWNING, ALDISERT** and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The United States appeals the district court's order sentencing Sergio Alcaraz-Peralta to 24 months in prison for possession with intent to distribute 444 pounds of marijuana, a violation of 21 U.S.C. § 841(a)(1).[1] The presentence report calculated a guideline range of 41-51 months imprisonment. The offense, however, carries a mandatory minimum sentence of 60 months. 21 U.S.C. § 841(b)(1)(B).[2]
 
 
 3
 The government contends that the district court erred by imposing a sentence below the mandatory minimum required by section 841. We vacate Alcaraz-Peralta's sentence and remand for clarification and for resentencing.
 
 
 4
 When a statute imposes a mandatory minimum above that set by the guidelines, the statute controls. See U.S.S.G. § 5G.1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Generally, absent a motion from the government, a district court may not impose a sentence shorter than the mandatory minimum. See 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as [the] minimum sentence...."); United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (absence of government motion prevented the district court from imposing a sentence below the statutory minimum); see also U.S.S.G. § 5G1.1(c)(2) ("In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence ... (2) is not less than any statutorily required minimum sentence.").
 
 
 5
 However, we recently held in United States v. Redondo-Lemos, 955 F.2d 1296 (9th Cir.1992), that a sentencing remedy is available to address equal protection violations. See id. at 1303 ("If ... the district court finds ... that there has been intentional discrimination on the basis of a suspect classification, it may then fashion a remedy to address the constitutional violation.").
 
 
 6
 The nature of the alleged constitutional violations noticed by the district court in this case is unclear. The district court alludes to its decision in Redondo-Lemos, but the record is somewhat deficient and does not articulate precisely whether the allegations of equal protection violations made in Redondo-Lemos have also been made here. The record also reflects an additional concern by the district court that the government may have rescinded Alcaraz-Peralta's plea agreement unfairly because his epilepsy prevented him from successfully completing a polygraph test.
 
 
 7
 We vacate Alcaraz-Peralta's sentence and remand for further proceedings so that the district court may clarify the legal basis of its sentencing decision, make such findings as our decision in Rendondo-Lemos would require, and conduct additional proceedings consistent with this disposition and with our decision in Redondo-Lemos.
 
 
 8
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 21 U.S.C. § 841(a)(1) makes it unlawful "for any person knowingly or intentionally to manufacture, distribute, or dispense ... a controlled substance."
 
 
 [2]
 21 U.S.C. § 841(b)(1)(B) provides that a person convicted under subsection (a) for conduct involving "100 kilograms or more of a mixture or substance containing a detectable amount of marijuana ... shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years...."