988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony James PATTON, Defendant-Appellant.
 No. 91-30459.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1993.
Decided Feb. 18, 1993.
 
 Appeal from the United States District Court For the District of Oregon; No. CR-91-00187-JAR, James A. Redden, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony James Patton was convicted by a jury of possession with intent to distribute a substance containing methamphetamine in violation of 21 U.S.C. § 841(a) (1988) and possession of a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Patton received consecutive mandatory minimum sentences of five years on each count. On appeal, Patton argues that the district court erred: (1) by not entering a judgment of acquittal on the grounds of entrapment; (2) by imposing the enhanced statutory minimum sentence when drug quantity was not proven to the jury; and (3) by not departing below the mandatory minimum sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 In the late spring of 1990, Patton met Becky Orozco, an exheroin addict with a history of drug convictions and prior experience as a police informant. In early 1991, Orozco told Deputy Sheriff John Blackman that Patton was selling methamphetamine; Blackman then arranged for police officer Terry Timeus to deal with Patton. On February 21, 1991, Timeus purchased a quarter ounce of purported methamphetamine from Patton for $250.
 
 
 4
 In the late spring of 1991, Patton met Lucille Yarbrough through a mutual friend. Yarbrough indicated her willingness to purchase a pound or two of methamphetamine, and Patton passed this information along to Orozco. Orozco in turn informed Blackman, who arranged for Patton to purchase the drugs from Timeus. Yarbrough agreed to purchase a pound of methamphetamine from Patton for $10,500; Patton agreed to purchase it from Timeus for $9,500. Patton was arrested immediately after the May 14, 1991 transaction with Timeus, and was found to be carrying a loaded .32 caliber handgun in his jacket pocket.
 
 
 5
 On May 30, 1991, Patton was indicted on one count of violating 21 U.S.C. § 841(a)(1) and one count of violating 18 U.S.C. § 924(c)(1). On August 1, 1991, the government filed an Information charging that Patton had possessed "100 grams or more" of the substance, for the purpose of requesting enhanced penalties under 21 U.S.C. § 841(b)(1)(B)(viii). Patton was convicted after a two-day trial at which he relied upon a defense of entrapment. This timely appeal followed.
 
 DISCUSSION
 I. Entrapment as a Matter of Law
 
 6
 Patton styles his appeal under Fed.R.Crim.P. 29(a).[1] "In order to preserve this issue on appeal, the defendant must move for a judgment of acquittal during the trial pursuant to Fed.R.Crim.P. 29(a)." United States v. Ward, 914 F.2d 1340, 1346 (9th Cir.1990). Patton does not claim ever to have moved for acquittal under Rule 29(a) at trial. While we might find Patton's claim to be unreviewable under the authority of Ward, we choose instead to reach the merits, id., and find that there was sufficient evidence to sustain Patton's conviction.
 
 
 7
 The defendant bears a heavy burden in establishing entrapment as a matter of law.
 
 
 8
 Entrapment is generally a jury question.... To establish entrapment as matter of law, the defendant must point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent.
 
 
 9
 United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986). We recently explained the requirements of entrapment as follows:
 
 
 10
 A defense of entrapment has two elements: government inducement of the crime and the absence of predisposition on the part of the defendant.... Five factors are relevant in determining predisposition: (1) the character of the defendant, (2) who first suggested the criminal activity, (3) whether the defendant engaged in the activity for profit, (4) whether the defendant demonstrated reluctance, and (5) the nature of the government's inducement.... Of these five factors, the most important is whether the defendant demonstrated reluctance which was overcome by the government's inducement.
 
 
 11
 United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992). In reviewing these factors, the evidence is viewed in the light most favorable to the government. Id.
 
 
 12
 In many cases, inducement is not at issue. Here, however, the evidence is far from undisputed. "Under our decisions, the resolution of such conflicting assertions of fact relevant to the entrapment issue is a credibility question for the jury." United States v. Griffin, 434 F.2d 978, 981 (9th Cir.1970), cert. denied, 402 U.S. 995 (1971).
 
 
 13
 Similarly, there was conflicting evidence presented as to four of the five predisposition factors.[2] Patton testified, inter alia, that he used methamphetamine only once, that it was Orozco who first suggested that they sell methamphetamine, that he was reluctant to engage in the transaction, and that Orozco overbore his will by seducing him. A variety of witnesses attested to Patton's good character and his reluctance to give in to Orozco's pressure. Orozco, on the other hand, testified that Patton had been a drug dealer as long as she had known him, that the drug transactions were Patton's idea, and that Patton pressured her to contact a methamphetamine dealer she had known in the past. Orozco denied that the two of them had a romantic relationship.
 
 
 14
 There was additional evidence that Patton took an affirmative, independent role in these transactions. The supplier of the purported methamphetamine for the February transaction testified that Patton had supplied methamphetamine which the two of them had used in the past. Officer Timeus testified that Patton had discussed the possibility of arranging future drug deals. Furthermore, it was Patton alone who found a willing buyer for the methamphetamine. Patton testified that he met Yarbrough at a friend's house (not through Orozco), and that she asked whether he knew of anyone who had methamphetamine for sale. Yarbrough testified that at one point she wanted to back out, but that Patton insisted on going through with the transaction.
 
 
 15
 Thus, no factor weighs unequivocally in Patton's favor and the profit motive weighs heavily against him. "Because it is not patently clear on the record that [the defendant] was not predisposed to commit the crime, the issue was one for the jury to decide after weighing the testimony and credibility of the witnesses." Smith, 802 F.2d at 1125. In this case, the jury decided against Patton. We decline to overturn that verdict.
 
 II. Proof of Drug Quantity
 
 16
 The Indictment did not specify the quantity of methamphetamine that Patton possessed, and the subsequent Information alleged only that Patton possessed "100 grams or more" of a substance containing methamphetamine. The jury was instructed that the government only had to prove that a "measurable amount" was involved. Patton argues that the district court could not invoke the enhanced mandatory minimum sentence because the requisite drug amount was not proven to the jury. The legality of a sentence is reviewed de novo, United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992), as is the district court's interpretation of the Sentencing Guidelines. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992) (citation omitted).
 
 
 17
 In United States v. Sotelo-Rivera, 931 F.2d 1317 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992), we held as follows:
 
 
 18
 [Title 21 U.S.C. § ] 841(a) does not specify drug quantity as an element of the substantive offense of possession with intent to distribute; quantity is instead relevant to the penalty provisions of section 841(b), and is a matter for the district court at sentencing.
 
 
 19
 Id. at 1319.[3] Because quantity is not an element of an offense under § 841(a), the district court did not err by not requiring the jury to find that Patton possessed 100 grams or more of the substance.
 
 
 20
 Facts which enhance a sentence must be proven by a preponderance of the evidence. See generally United States v. Restrepo, 946 F.2d 654 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). The drug quantity of 437 grams was specified in the Presentence Report and in a laboratory report whose results were stipulated to by counsel. Thus, all of the evidence showed that Patton had possessed 437 grams of the substance. In addition, the Information put Patton on notice that he might be subject to the enhanced penalties of § 841(b). It was not error for the district court to sentence Patton to the enhanced penalties.
 
 
 21
 III. Downward Departure For Imperfect Entrapment
 
 
 22
 Patton's final claim is that the district court erroneously concluded that it did not have authority to depart below the mandatory minimum sentence on the basis of "imperfect entrapment." "Whether the district court had the authority to depart below a statutory minimum sentence" is a question which we review de novo. United States v. Vilchez, 967 F.2d 1351, 1353 (9th Cir.1992).
 
 
 23
 The district court imposed the statutory minimum of 60 months rather than the 97 or 78 month sentence which could have been imposed under the Guidelines, and expressed misgivings that it could not depart further. "[W]hen a statute requires a sentence different than that set by the guidelines, the statute controls." United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989); see also United States v. Turner, 881 F.2d 684, 686 (9th Cir.), cert. denied, 493 U.S. 871 (1989) (mandatory minimum must be imposed "even if the defendant falls under a lower sentencing range under" the Guidelines).
 
 
 24
 The only statutory authority for imposing a sentence below the statutory minimum is found in 18 U.S.C. § 3553(e):
 
 
 25
 Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.
 
 
 26
 See also U.S.S.G. § 5K1.1; United States v. Valente, 961 F.2d 133, 135 (9th Cir.1992) (holding that district court had no authority to depart below statutory minimum based on defendant's aberrant behavior). The government did not make such a motion in this case, nor does Patton claim to have rendered such assistance. The district court had no authority to depart below the statutory minimum in these circumstances. "Whether or not these factors might allow the court to depart below the ... minimum term imposed by the guidelines, they cannot be used to allow [defendant] to serve a term less than the 60-month minimum imposed by section 841(b)(1)(B)." Sharp, 883 F.2d at 831.
 
 
 27
 AFFIRMED.
 
 
 28
 * * *
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fed.R.Crim.P. 29(a) provides:
 The court on motion of the defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.
 Ordinarily, the district court's denial of a motion for acquittal is reviewed "in the same manner as a challenge to the sufficiency of the evidence." United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989). Where the defendant fails to renew the motion at the close of the evidence, however, we review only for plain error. United States v. Winslow, 962 F.2d 845, 850 (9th Cir.1992).
 
 
 [2]
 While a pecuniary motive alone does not preclude a finding of inducement as a matter of law, United States v. Sotelo-Murillo, 887 F.2d 176, 181 (9th Cir.1989), we find that this factor weighs heavily in the government's favor in this case
 
 
 [3]
 21 U.S.C. § 841(b)(1)(B) provides:
 In the case of a violation of subsection (a) of this section involving ...
 (viii) ... 100 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers;
 such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years