990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David RIOS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Erasmo RIOS-VILLA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro Camacho GARCIA, Defendant-Appellant.
 Nos. 92-10276, 92-10263 and 92-10272.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided March 16, 1993.
 
 Before: FARRIS, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Codefendants David Rios, Erasmo Rios-Villa, and Pedro Camacho Garcia appeal their convictions for: (1) conspiracy, in violation of 21 U.S.C. § 846; (2) distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (3) interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3). In addition, Rios appeals his sentence under the Sentencing Guidelines. We affirm.
 
 I. Sufficiency of the Evidence
 
 3
 The defendants argue that there was insufficient evidence to support their convictions. Evidence is sufficient if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The uncorroborated testimony of an accomplice will sustain a conviction, unless it is incredible or unsubstantial on its face. United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992).
 
 A. Conspiracy
 
 4
 To prove a conspiracy, the government must show: (1) an agreement to engage in criminal activity, (2) an overt act taken to implement the agreement, and (3) the requisite intent to commit the substantive crime. United States v. Winslow, 962 F.2d 845, 851 (9th Cir.1992). Once the existence of a conspiracy is established, the government need only prove beyond a reasonable doubt that the defendant had a slight connection to it. Id.
 
 
 5
 The evidence presented against each defendant was sufficient to sustain his conspiracy conviction. See United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991); United States v. Torres-Rodriguez, 930 F.2d 1375, 1382 (9th Cir.1991); United States v. Restrepo, 930 F.2d 705, 709 (9th Cir.1991).
 
 
 6
 David Rios arranged and attended a meeting between Felipe Mendoza, a government informant, and Rios's uncle, Ricardo Rios, after informing Mendoza that his uncle dealt large quantities of good quality heroin, cocaine, and marijuana. David Rios was present during the subsequent negotiations with Mendoza concerning the purchase of heroin, and he drove from Yuma, Arizona, to Las Vegas, Nevada, where the drug transaction occurred. He accompanied Mendoza when Mendoza called the "buyer," Agent Baken. The evidence also showed that: (1) David Rios obtained the materials used to package the heroin; (2) his car was used to transport the heroin; and (3) he received money from the consummated transaction.
 
 
 7
 A rational trier of fact could have concluded that the evidence against Erasmo Rios-Villa was even stronger than that implicating David Rios, and the evidence against Pedro Camacho Garcia was stronger still.
 
 
 8
 The defendants' reliance upon United States v. Melchor-Lopez, 627 F.2d 886 (9th Cir.1980), and United States v. Penagos, 823 F.2d 346 (9th Cir.1987), is misplaced. In Melchor-Lopez, there was no agreement to carry out an illegal activity because the defendants rejected the terms set by the informant for the transaction. 627 F.2d at 888-89. The consummated transaction permits an inference that an agreement was reached.
 
 
 9
 In Penagos, the only evidence linking the defendant to the conspiracy was the defendant's limited counter-surveillance activity. See 823 F.2d at 349-50. Substantially more evidence was presented against Rios, Rios-Villa, and Garcia.
 
 
 10
 B. Possession With Intent to Distribute and Distribution
 
 
 11
 Coconspirator Ricardo Rios possessed and distributed heroin to Agent Baken. The jury properly was instructed that it could find the defendants guilty of the substantive violations committed by their coconspirators. See United States v. Pinkerton, 328 U.S. 640, 645-47 (1946). Having found the defendants guilty of conspiracy upon sufficient evidence, and having been instructed on a Pinkerton theory, the jury could also find them guilty of the charged substantive offenses. See Mares, 940 F.2d at 460; Torres-Rodriguez, 930 F.2d at 1382.
 
 
 12
 The defendants argue that there was insufficient evidence of dominion or control over the heroin to sustain convictions for possession with intent to distribute. We reject the argument. The existence of coconspirator liability obviates the need for proof of constructive possession. See Mares, 940 F.2d at 460.
 
 II. Prosecutorial Misconduct
 
 13
 Garcia argues that his conviction must be reversed because the prosecutor vouched for the credibility of a government witness and commented on Garcia's failure to rebut evidence against him.
 
 
 14
 Ricardo Rios did not testify at trial. Statements attributed to him were offered through the testimony of Agent Baken. In his closing rebuttal argument, the prosecutor stated:
 
 
 15
 Why would Ricardo Rios incriminate his own nephew, incriminate his own brother in the course of a conspiracy about bringing in heroin and the roles of the different parties if it weren't true? The law lets in what's called testimony in furtherance of a conspiracy. And there's a reason why that kind of hearsay is let in. It's let in because under the law people don't say things like that unless those things are accurate and true. And I submit to you that the statements that Ricardo Rios had made in this case are unrebutted by the admissible, credible evidence in this case, and they're true; and there's nothing they can do about it.
 
 
 16
 Reporter's Transcript, Nov. 25, 1991, p. 94. Immediately after these comments, Garcia's attorney moved for a mistrial. The district court's denial of the motion was not an abuse of discretion.
 
 
 17
 The prosecutor did not improperly vouch for Agent Baken. His comments did not suggest that the government possessed non-admitted information supportive of the witness's testimony. See United States v. Roberts, 618 F.2d 530, 533 (9th Cir.1980). Nor did they place the prestige of the government behind Baken's testimony. See id. The prosecutor merely responded to the defendants' closing argument, which insinuated that the government refused to allow Ricardo Rios to testify for himself. See United States v. Young, 470 U.S. 1, 12-13 (1985) (prosecutor may "respond substantially in order to right the scale"); United States v. Lopez-Alvarez, 970 F.2d 583, 597 (9th Cir.) (prosecutor's remarks judged in relation to those of defense counsel), cert. denied, 113 S.Ct. 504 (1992).
 
 
 18
 Further, any prejudice was "neutralized by the trial judge," United States v. Birges, 723 F.2d 666, 672 (9th Cir.), cert. denied, 466 U.S. 943 (1984), and cert. denied, 469 U.S. 863 (1984), when he instructed the jury that it could "disbelieve all or any part of any witness's testimony." Reporter's Transcript, Nov. 25, 1991, p. 103. See Birges, 723 F.2d at 672; Lopez-Alvarez, 970 F.2d at 598.
 
 
 19
 Garcia argues that the prosecutor impermissibly commented on his failure to testify. We reject the argument. The prosecutor's statement was "not phrased so as to call attention to defendant's own failure to testify." See id. at 595-96 (citation omitted); Mares, 940 F.2d at 461. Garcia contends that because he was the only witness who could have rebutted Baken's testimony, the prosecutor's statement was tantamount to a comment on his failure to testify. The defense could have called another (Ricardo Rios) to rebut Baken's testimony, or it could have introduced any circumstantial evidence it possessed. See Lopez-Alvarez, 970 F.2d at 596.
 
 III. Rios's Sentence
 
 20
 Rios's conviction on the conspiracy count carries with it a statutory mandatory minimum of ten years imprisonment. See 21 U.S.C. § 841(b)(1)(A)(i). After finding that Rios was not a minor participant in the offense, the district court sentenced him to 121 months, which was the lower limit of the applicable guidelines range and one month above the statutory minimum.
 
 
 21
 Rios argues that his minimal role in the offense justifies: (1) a downward adjustment in his offense level under U.S.S.G. § 3B1.2; (2) a departure from the applicable guidelines range under U.S.S.G. § 5K2.0; or (3) a departure below the statutory minimum.
 
 
 22
 In the absence of a motion by the government under U.S.S.G. § 5K1.1, a district court may not depart below a statutory mandatory minimum sentence. United States v. Arnold, slip op. at 14930 (9th Cir. Dec. 30, 1992); United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989). See U.S.S.G. § 5G1.1.
 
 
 23
 The district court found that Rios was not a minimal or minor participant. This finding is not clearly erroneous. See United States v. Peters, 962 F.2d 1410, 1414 (9th Cir.1992); Torres-Rodriguez, 930 F.2d at 1389; United States v. Takai, 941 F.2d 738, 742 (9th Cir.1991). Rios is not entitled to a downward adjustment under U.S.S.G. § 3B1.2.
 
 
 24
 Nor is Rios entitled to a downward departure under § 5K2.0, which allows for the imposition of a sentence below the applicable guidelines range only where mitigating circumstances exist that were "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." U.S.S.G. § 5K2.0. The Sentencing Commission gave due consideration to a defendant's minimal or minor role by enacting § 3B1.2.
 
 
 25
 AFFIRMED.
 
 United States v. Rios, No. 92-10263
 United States v. Rios-Villa, No. 92-10272
 United States v. Garcia, No. 92-10276
 
 26
 Wiggins, J., concurring separately.
 
 
 27
 I concur in the majority opinion because it correctly applies the law of our circuit. The reason I write separately is to express my disapproval of the discretionary decision of the prosecutor to accept a plea of guilty from Ricardo Rios and to sentence him to 18 months in prison. The other codefendants, who were evidently far less culpable than Ricardo Rios, were sentenced to the mandatory minimum of 10 years. I see no justice in this situation.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3