990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Ramon BONILLO-CASTRO, Defendant-Appellee.
 No. 92-50379.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals the 106-month sentence imposed on Ramon Bonillo-Castro, following his guilty plea, for conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846, and use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The government contends that the district court erred by imposing a sentence below the statutorily-mandated minimum. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo a district court's decision to depart below the statutorily-mandated minimum sentence. United States v. Vilchez, 967 F.2d 1351, 1353 (9th Cir.1992).
 
 
 4
 Under the Guidelines, if "a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b); see also United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989). A district court may only depart below the mandatory minimum upon a motion of the government reflecting the " 'defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.' " Vilchez, 967 F.2d at 1355 (quoting 18 U.S.C. § 3553(e)). In limited circumstances, the district court may depart in the absence of a government motion if the government's failure to make the motion was unconstitutionally motivated or not rationally related to any legitimate state objective. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992).
 
 
 5
 Here, Bonillo-Castro pled guilty to conspiracy to distribute 560 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846, and use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Although Bonillo-Castro's applicable sentencing range was 46 to 57 months, the statute mandates a sentence of 60 months. See 21 U.S.C. § 841(b)(1)(B)(i). Additionally, section 924(c)(1) required a consecutive 60-month sentence to any other term of imprisonment.
 
 
 6
 At sentencing, the district court imposed a 46-month sentence for the drug offense, followed by a consecutive 60-month sentence for the firearm offense. The court indicated that the 46-month sentence was "in keeping with the minimum mandatory purpose of the statute" because Bonillo-Castro was already serving a consecutive 60-month sentence for the firearm offense. The government contends that the district erred by failing to impose the mandatory 60-month sentence required by statute for the drug offense. We agree.
 
 
 7
 The government did not make a motion for substantial assistance. The record is devoid of any evidence that the government's decision was irrational or based upon an unconstitutional motive. In the absence of a government motion, the district court lacked the authority to disregard the mandatory 60-month sentence applicable to the drug offense. See Vilchez, 967 F.2d at 1356.
 
 
 8
 Accordingly, we vacate Bonillo-Castro's sentence and remand the case for resentencing consistent with this memorandum disposition.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3