995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ian Wayne GILLESPIE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-56622.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 8, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ian Wayne Gillespie, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Gillespie pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to ten years imprisonment and five years supervised release. We affirmed his conviction and sentence on direct appeal. United States v. Gillespie, No. 91-50394, unpublished memorandum disposition (9th Cir. Mar. 10, 1992). Gillespie contends that (1) he was entitled to a downward departure for aberrant behavior; (2) his guilty plea was involuntary because the district court did not inform him that he was subject to a mandatory minimum sentence of ten years imprisonment; (3) he was entitled to a greater downward adjustment for acceptance of responsibility; and (4) he received ineffective assistance of counsel at sentencing. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 A defendant who does not raise an issue at the time of sentencing waives the right to raise the issue in a subsequent 28 U.S.C. § 2255 motion. United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990). Gillespie did not request a downward departure for aberrant behavior either at the time of sentencing or on direct appeal. Accordingly, the district court did not err by denying his claim that he was entitled to such a departure. See id.
 
 
 4
 Gillespie contends that his guilty plea was involuntary because the district court did not inform him that he was subject to the ten-year mandatory minimum sentence. The record belies this contention; Gillespie was repeatedly advised of the mandatory minimum sentence at his plea hearing.
 
 
 5
 Gillespie contends that he was entitled to a three-point downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. At the sentencing hearing on June 24, 1991, he received a two-point downward adjustment under section 3E1.1. Effective November 1, 1992, section 3E1.1 was amended to permit a three-point downward adjustment for acceptance of responsibility. The amended version of section 3E1.1 does not apply retroactively. See United States v. Turner, 898 F.2d 705, 709 n. 1 (9th Cir.) (district court must apply version of Guidelines in effect at time of sentencing), cert. denied, 495 U.S. 962 (1990). Accordingly, Gillespie's contention lacks merit.
 
 
 6
 Finally, Gillespie contends that he received ineffective assistance of counsel because his attorney did not request a downward departure. He argues that "[w]hen once a plea of guilty is accepted, departure from statutory minimum is implicit, absent aggravating sentencing factor not adequately considered by the Sentencing Commission while formulating the Sentencing Guidelines." We construe Gillespie's contention as a contention that his attorney was ineffective because he did not object to the imposition of the mandatory minimum sentence as opposed to a shorter Guidelines sentence. When a statute requires a sentence different from that established by the Guidelines, the statute controls. United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (per curiam). Accordingly, Gillespie's contention lacks merit.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3