8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John T. ZALDUONDO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Perry GILES, Defendant-Appellant.
 Nos. 92-50059, 92-50085.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 1, 1993.
Decided Sept. 21, 1993.
 
 Before: TANG, CANBY, AND BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Zalduondo and Stephen Giles appeal their convictions and sentences for conspiracy to manufacture methamphetamine (21 U.S.C. §§ 841(a)(1), 846), possession with intent to distribute methamphetamine (21 U.S.C. § 841(a)(1)), and manufacture of methamphetamine (21 U.S.C. § 841(a)(1)). Zalduondo and Giles argue that insufficient evidence supported their convictions and that they were improperly sentenced. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Until May 1991, Zalduondo, Giles, and others operated a methamphetamine manufacturing laboratory in a garage. Zalduondo procured equipment suited for manufacturing methamphetamine. He and Giles also purchased chemicals used in the process and were seen near the garage while unpleasant odors emanated from it. Zalduondo told his girlfriend he was "cooking speed," and he and Giles received some of the finished product.
 
 
 4
 Investigating officers recognized the odor of methamphetamine coming from the garage and observed Giles exit carrying a black duffel bag. A search of the garage revealed chemicals of the type Zalduondo and Giles had purchased, 210 grams of methamphetamine, and eight gallons of methamphetamine residue. A search of Giles' premises uncovered a black duffel bag containing equipment for manufacturing methamphetamine, including chemicals and glassware.
 
 II
 
 5
 Zalduondo and Giles contend insufficient evidence supported their convictions. The government argues this issue should be reviewed for plain error because Zalduondo and Giles did not move for acquittal at the close of evidence. See United States v. Kuball, 976 F.2d 529, 531 (9th Cir.1992). Because substantial evidence demonstrated the involvement of Zalduondo and Giles in the illegal activity, their insufficiency of evidence arguments fail even under the "rational trier of fact" standard of review. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 III
 
 6
 We turn to the appeals of each defendant arising out of the sentence imposed by the district court.
 
 
 7
 * Zalduondo argues his sentence should not have been based on 210 grams of methamphetamine because the manufacture of that amount by his co-conspirators was not reasonably foreseeable by him. Zalduondo failed to make this argument to the district court. It therefore was not preserved for appellate review. See United States v. Belden, 957 F.2d 671, 674-75 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 8
 Zalduondo also argues his "minor" role in the conspiracy justified a term of imprisonment shorter than the statutory minimum of ten years. See 21 U.S.C. § 841(b)(1)(A)(viii). We have held that "when a statute requires a sentence different than that set by the guidelines, the statute controls." United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989). The district court's failure to depart downward from the ten-year statutory minimum was not error. U.S.S.G. § 5G1.2(b); see United States v. Conkins, 987 F.2d 564, 573-74 (9th Cir.1993).
 
 B
 
 9
 Giles contends his base offense level should have been reduced because he accepted responsibility for his criminal conduct and was a minor participant in the conspiracy. We review the district court's findings of fact at the sentencing phase for clear error. United States v. Peters, 962 F.2d 1410, 1414 (9th Cir.1992) (minor participant); United States v. Aichele, 941 F.2d 761, 767 (9th Cir.1991) (acceptance of responsibility). Even after conviction, Giles denied guilt and refused to discuss the case with his probation officer. The record also supports the finding that Giles did not play a minor role in the offense. The district court's rejection of Giles' suggested reduction was not clearly erroneous.
 
 
 10
 Giles additionally argues his sentence should have been based only on 210 grams of methamphetamine without taking into account the eight gallons of residue. Giles' argument is meritless. The district court did not consider the residue in sentencing Giles.
 
 
 11
 Finally, Giles contends paragraph 29 of the presentence report demonstrates he was erroneously sentenced under the 1992 version of the Guidelines for an offense committed in 1991. Giles waived this argument by not raising it to the district court. Even if he had not waived this objection to the sentencing, Giles' argument is unfounded. Paragraph 29 references Guidelines § 2D1.4, which was deleted by the 1992 amendments to the Guidelines. Giles was therefore properly sentenced under the 1991 Guidelines. AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3