35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador Becerra RAMIREZ, Defendant-Appellant.
 No. 93-30295.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1994.
Decided Sept. 7, 1994.
 
 Before: PREGERSON, CANBY, and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Salvador Becerra Ramirez appeals his sentence, imposed following his guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988). The only issue presented for our consideration is whether the statute that resulted in Ramirez's mandatory minimum sentence of ten years imprisonment was unconstitutional. Ramirez does not contend that the district court erred in any way, or that the prosecutor engaged in any improper conduct. We affirm.
 
 I. Background
 
 3
 At the time of his offense, Ramirez was a fifty-two year old unemployed laborer with no criminal record. He was married and had three young children. He suffered from serious health problems. Ramirez's liver transplant had put his family into dire financial straits.
 
 
 4
 In need of money to support his family, Ramirez agreed to participate in an activity he found suspicious, transporting a cooler from Los Angeles to Anchorage. He was arrested in Anchorage, carrying a cooler containing six kilograms of cocaine.
 
 
 5
 Ramirez cooperated with the prosecution, at least to a limited extent. He answered the prosecutor's questions about his involvement in the cocaine trafficking, and he was willing to testify at his codefendants' trial. He apparently did not have much knowledge of the cocaine trafficking operation, but the prosecution suspected he knew more than he revealed about the activities of two codefendants: Ramirez's nephew and a former coworker. He was not called to testify at his codefendants' trial.
 
 
 6
 Ramirez pled guilty to one of the four counts with which he was charged; the other counts were dropped. The offense to which he pled guilty, possession of six kilograms of cocaine with intent to distribute, carried a mandatory minimum sentence of ten years. The experienced district court judge, in imposing the sentence, commented that in his opinion "this sentence [was] unreasonable and excessive."
 
 II. Discussion
 
 7
 Ramirez argues that his mandatory minimum sentence violates the United States Constitution and the Fourth, Fifth, Sixth and Eighth Amendments. He contends that his sentence is "unfair," and therefore unconstitutional, in light of the minimal role he played in the crime, his status as a first-time offender, his aberrant behavior, and his status as a drug mule. He also argues that his sentence was unfair because a more culpable codefendant received a substantially shorter sentence.
 
 
 8
 As Ramirez concedes, the case law is against him. Pursuant to the federal Sentencing Guidelines, when a statute requires a different sentence from that established by the Guidelines, the statutory term of imprisonment controls. United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (per curiam); U.S.S.C., Guidelines Manual, Sec. 5G1.1(b). The statute in this case provides for a mandatory minimum sentence of ten years. 21 U.S.C. Sec. 841(b)(1)(A)(ii) (1988). Thus, in Ramirez's case and pursuant to the statute, the district court was obligated to impose, at the minimum, a sentence of ten years imprisonment.
 
 
 9
 In general, the district court can depart downward from the mandatory minimum sentence only upon a "Sec. 5K1.1" motion from the government. U.S.S.G. Sec. 5K1.1 comment. (n. 1) (providing that upon a motion from the government stating that a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, a sentence below the mandatory minimum may be justified). See also United States v. Vilchez, 967 F.2d 1351, 1355 (9th Cir.1992) (as amended); Sharp, 883 F.2d at 831. Here, the government indicated in its plea agreement with Ramirez that it did not intend to make such a motion, and it did not so move. Ramirez does not challenge this decision. He argues only that the mandatory minimum is unconstitutional.
 
 
 10
 The primary basis of Ramirez's argument is that the statute providing for the mandatory minimum sentence is unfair and unconstitutional because it results in an inflexibly high penalty for relatively innocent offenders such as Ramirez, while giving more culpable offenders the opportunity to receive shorter sentences because their greater knowledge of the crime allows them to better assist the prosecution. More culpable defendants can therefore bargain with the prosecution for a Sec. 5K1.1 motion for reduction in sentence, while defendants with little knowledge of the criminal activity cannot.
 
 
 11
 The fact that the mandatory minimum sentencing scheme may result in sentencing disparities does not render it unconstitutional. This court has previously upheld disparities in codefendants' sentences. See United States v. Mejia, 953 F.2d 461, 468 (9th Cir.) (as amended) (holding that unequal treatment of federal codefendants is not an appropriate basis for downward departure from sentencing guidelines), cert. denied, 112 S.Ct. 1983 (1992); United States v. Reyes, 966 F.2d 508, 510 (9th Cir.) (disparity in sentences of defendants charged with same conduct but who are not codefendants because one was sentenced in federal court and the other was sentenced in state court is not an appropriate basis for departure from sentencing guidelines), cert. denied, 113 S.Ct. 355 (1992).
 
 
 12
 Ramirez also argues that the mandatory minimum sentencing scheme is unconstitutional because his sentence is not "fair" and the Constitution guarantees fair treatment. This court has repeatedly held that the mandatory minimum sentencing provisions of Sec. 841(b) do not violate due process, equal protection, the Eighth Amendment, or other constitutional provisions. See United States v. Linn, 880 F.2d 209, 217 (9th Cir.1989) (mandatory minimum sentencing scheme does not violate due process, equal protection, or separation of powers doctrine); United States v. Savinovich, 845 F.2d 834, 839-40 (9th Cir.) (as amended) (neither the Eighth Amendment nor equal protection is violated by Sec. 841(b)'s mandatory minimum sentencing scheme), cert. denied, 488 U.S. 943 (1988); Sharp, 883 F.2d at 831 (although "Sharp argues that the mandatory provisions of section 841(b) violate due process, ... we have held to the contrary") (citing United States v. Kidder, 869 F.2d 1328, 1334-35 (9th Cir.1989); United States v. Klein, 860 F.2d 1489, 1501 (9th Cir.1988)).
 
 
 13
 Ramirez states that his sentence violates the Fourth and Sixth Amendments, but he provides no argument or authority to support his position. We need not consider arguments which are undeveloped and unsupported in the briefs or by oral argument, unless manifest injustice will otherwise result. See United States v. Calabrese, 825 F.2d 1342, 1346-47 (9th Cir.1987) (failure to support argument by reason or authority waived argument); United States v. Brocksmith, 991 F.2d 1363, 1366 (7th Cir.), cert. denied, 114 S.Ct. 569 (1993).
 
 III. Conclusion
 
 14
 Although we believe Ramirez's mandatory minimum sentence is unsuitable in light of his age, his health problems, his family situation, his minimal role in the drug trafficking operation, his lack of a criminal record, and the cost to society of his incarceration, we are bound by our precedent with respect to the constitutionality of Sec. 841(b)'s mandatory minimum sentencing scheme. Accordingly, we affirm Ramirez's sentence, although we urge the United States Attorney to reconsider his decision not to move for a reduction in sentence pursuant to Sec. 5K1.1; our affirmance does not preclude the government from moving for resentencing with a downward departure.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3