76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David STRANGE, Defendant-Appellant.
 No. 95-55633.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Strange, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. He was sentenced to 120 months' imprisonment after pleading guilty to possession with intent to distribute 1356 grams of a mixture or substance containing a detectable amount of phencyclidine (PCP). Strange contends that Guidelines' Amendment 484 requires vacation of his sentence, which was based on the entire weight of the PCP mixture rather than the actual weight of the PCP itself. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Because Strange seeks the retroactive application of an amendment to the Guidelines, the district court should have construed this claim as a request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). See Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995).
 
 
 4
 We need not reach Strange's Amendment 484 argument. Strange does not dispute that the PCP mixture, including the ether solvent, weighed 1356 grams. Consequently, he is subject to a mandatory minimum ten year sentence by statute. See 21 U.S.C. § 841(b)(1)(A) (providing for mandatory minimum ten year sentence in cases involving either 100 grams of PCP or one kilogram or more of a mixture or substance containing a detectable amount of PCP); see also Chapman v. United States, 500 U.S. 453, 459, 465 (1991) (Congress may base drug quantity on either the street weight of drugs in their diluted form or the net weight of the active ingredient); United States v. Alfeche, 942 F.2d 697, 699 (9th Cir.1991) (per curiam) (rejecting rule of lenity challenge to 841(b)); United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (per curiam) (statutory mandatory minimums trump the Guidelines).
 
 
 5
 Because Strange failed to raise his Brady claim in his opening brief on appeal, we deem the issue waived. See Fed.R.App.P. 28.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's motion to file additional citations is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3