91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marc Brock PALMER, Defendant-Appellant.
 No. 96-30015.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided July 10, 1996.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marc Palmer appeals pro se the district court's denial of his motion to reduce his term of imprisonment. Palmer contends that he is entitled under 18 U.S.C. § 3582(c)(2) to a reduction based on a recent amendment to U.S.S.G. § 2D1.1(c). That amendment provides for an equivalency ratio of one marijuana plant to 100 grams of processed marijuana per plant regardless of the number of plants. See United States Sentencing Commission, Guidelines Manual, App.C., amend. 516 (Nov. 1995).
 
 
 3
 We agree with Palmer that the retroactive application of the amendment would reduce his sentencing guideline range. Palmer's sentence was not, however, predicated on the sentencing guideline range, but rather on the statutory minimum provisions of 21 U.S.C. § 841(b)(1)(B)(vii). "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1. (b). Thus, the district court did not have discretion to reduce Palmer's sentence and therefore correctly denied his motion. See United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (per curiam).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3