95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Russell SNOW, Jr., Defendant-Appellant.
 No. 96-30053.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 26, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner William Russell Snow appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his sentence following his conviction for manufacturing over 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Snow contends that the district court erred by failing to apply Amendment 516 of the Sentencing Guidelines retroactively. Snow, however, was sentenced to sixty months imprisonment which is the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B). Accordingly, we agree with the district court's conclusion that the application of Amendment 516 would have no effect upon Snow's sentence. See U.S.S.G. § 5G1.1(b); See also United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (statutory minimums trump the guidelines).[1]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not find persuasive Snow's argument that Amendment 516 reflects a change in Congressional intent with regards to the penalty provisions of 21 U.S.C. § 841. Cf. Neal v. United States, 116 S.Ct. 763, 768-69 (1996) (amendment to sentencing guidelines did not displace existing interpretation of corresponding statute; Congress has responsibility for revising its statutes)