103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russ Attridge SYSTAD, Defendant-Appellant.
 No. 96-35060.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Russ Attridge Systad, a federal prisoner, appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his sentence following his conviction for manufacturing over 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm.
 
 
 3
 Systad contends that the district court erred by failing to apply Amendment 516 of the Sentencing Guidelines retroactively. Systad, however, was sentenced to sixty months imprisonment which is the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B).[2] Accordingly, we agree with the district court's conclusion that the application of Amendment 516 would have no effect upon Systad's sentence. See United States v. Mullanix, No. 96-30121, slip op. 14335, 14339 (9th Cir. Oct. 30, 1996); U.S.S.G. § 5G1.1(b); see also United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (statutory minimums trump the guidelines).[3]
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Systad filed his motion for reconsideration within ten days after entry of the district court's order denying his motion to reduce his sentence, his notice of appeal is timely. See Fed.R.App.P. 4(b)
 
 
 [2]
 Section 841(b)(1)(B)(vii) requires a five-year mandatory minimum sentence for drug violations involving "100 or more marijuana plants regardless of weight. " See 21 U.S.C. § 841(b)(1)(B) (1994) (emphasis added)
 
 
 [3]
 To the extent Systad contends that Amendment 516 reflects a change in the penalty provision of 21 U.S.C. § 841, the contention lacks merit. See Mullanix, slip op. at 14339
 
 
 [4]
 We do not consider Systad's claims, raised for the first time in his reply brief, that the district court breached the plea agreement and that he was sentenced on false information. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986) (claims raised for the first time in reply brief are deemed waived)