990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Ingrid Lee SEGUNDO, Defendant-Appellee.
 No. 92-10406.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before CHOY, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 The United States appeals the district court's sentencing of Ingrid Segundo under the Sentencing Guidelines for possession with intent to distribute 50-100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). The court sentenced Segundo to five years' probation, with twelve months to be served in a halfway house. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 BACKGROUND
 
 3
 On December 15, 1990, at about 3:00 a.m., Tohono O'Odham Police Officer John Narcho was driving southbound on federal route 19, south of Topawa Village on the Tohono O'Odham Indian reservation. At this time, Officer Narcho observed a vehicle travelling northbound, which he clocked on radar at 67 mph. Because the posted speed limit is 55 mph, Officer Narcho turned north to initiate a stop of the vehicle. While turning, however, Officer Narcho lost sight of the vehicle's lights.
 
 
 4
 Officer Narcho located the vehicle on Route 10, a dirt road intersecting Federal Route 19. He then observed the headlights go off and on at about one hundred feet east of his position on Route 10. He initiated a stop of the vehicle and thereupon recognized Ingrid Segundo as the driver. Segundo first told Officer Narcho that she did not have a driver's license or vehicle registration, claiming that she had just purchased the car. Later, Segundo produced a driver's license and a title, which indicated that she was not the owner of the car.
 
 
 5
 The car was covered with debris and heavy dust. Handprints and smudges were on the trunk. Desert shrubbery hung under, and on the sides of, the car. The spare tire was in the back seat. Narcho impounded the car, in part because of the registration and title problem and in part because he believed that Segundo had fled earlier to evade detection of criminal activity.
 
 
 6
 Officer Narcho and U.S. Customs Agent Stanley Liston examined the vehicle at the police department. In addition to the observations made at the scene of the stop, the two officers found cholla cactus leaves embedded in the front grille of the car and rope twine protruding from a corner of the trunk. Agent Liston, an experienced tracker, also observed that the tread on the vehicle's tires had four ridges with a running W pattern.
 
 
 7
 Agent Liston drove to Route 10 and found a spot where a vehicle had come to a stop. He examined the tire tracks and noticed that the tires had four grooves with a running W pattern. He also observed six bales of marijuana spread about the surrounding area. Three of the bales were wrapped in clear cellophane and one had brown tape over cellophane. The six bales weighed 218 pounds.
 
 
 8
 In addition, Agent Liston observed tennis shoe tracks, allegedly on what had been the passenger's side of the vehicle. He further observed tracks from shoes with small, low heels on what had been the driver's side. The tennis shoe tracks led to four of the bales of marijuana. The tennis shoe tracks also indicated that the wearer had stood around for a while and then walked towards Topawa village. The low heel prints led to two of the six bales of marijuana. Agent Liston also found and photographed a cholla cactus plant that had been run over by a vehicle.
 
 
 9
 At this time, Agent Liston talked to U.S. Customs Agent Julius Anguiano. Agent Liston told Agent Anguiano that he had located six bales of marijuana on Route 10 about two-tenths of a mile east of Federal Route 19. Agent Anguiano then drove out to Route 10 and joined Agent Liston.
 
 
 10
 Before Agent Anguiano departed, Agent Narcho obtained a search warrant for Segundo's impounded vehicle. Upon execution of the warrant, Agent Narcho found seven bundles of marijuana in the vehicle's trunk. The bundles were tightly wrapped in cellophane, plastic tape, and twine. Specifically, three or four of the bundles were wrapped in cellophane with twine around them, and three were taped with brown adhesive tape and twine. The bundles weighed 192 pounds, or 87 kilograms.
 
 
 11
 Segundo was indicted for possession with intent to distribute about 410 pounds of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii). At the conclusion of the government's presentation of evidence at trial, Segundo moved for a directed verdict.
 
 
 12
 The court concluded that the government had presented no testimony tying the marijuana in the desert with the area where Officer Narcho had seen Segundo's vehicle when her headlights had come on. The court then ruled that Segundo was entitled to a directed verdict on the marijuana found in the desert, and that the jury would only consider the marijuana found in Segundo's vehicle, which weighed 87 kilograms.
 
 
 13
 The court then gave the jury a verdict form for possession with intent to distribute less than 100 kilograms of marijuana. The jury found Segundo guilty.
 
 
 14
 At sentencing, Segundo admitted that she was present when a quantity of marijuana was unloaded in the desert. She stated that, at this time, a man who was driving the car in which she was a passenger stopped the vehicle, unloaded a quantity of marijuana into the desert, then left her with the vehicle. Segundo, who speaks no Spanish, stated that she was barely acquainted with this man, who spoke only Spanish.
 
 
 15
 The government asked the court to impose the minimum mandatory five-year sentence required by 21 U.S.C. § 841(a)(1)(B)(vii) because the facts set forth in the presentence report allegedly established that Segundo possessed 410 pounds of marijuana. The court again ruled, however, that the evidence did not demonstrate that Segundo ever possessed the marijuana that was found by Officer Narcho in the desert. Hence, the court sentenced Segundo only for the quantity found in the vehicle, 87 kilograms. Accordingly, she was sentenced to five years' probation, with twelve months to be served in a halfway house.
 
 
 16
 The government appeals the district court's directed verdict on the quantity of marijuana found in the desert and hence, Segundo's sentence for possession of only the quantity of marijuana found in the car.
 
 ANALYSIS
 
 17
 The government contends that the district court erred on two
 
 
 18
 grounds in granting Segundo's directed verdict on the
 
 
 19
 quantity of marijuana found in the desert: (1) By including
 
 
 20
 the quantity of marijuana on the jury verdict form as an
 
 
 21
 element of the offense for which Segundo was being charged
 
 
 22
 under 21 U.S.C. § 841
 
 
 23
 ; and (2) by directing a verdict on the quantity of
 
 
 24
 marijuana found in the desert. We address each contention in turn.
 
 I.
 
 25
 First, the government argues that, under United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992), the amount of marijuana possessed by the defendant is not an element of an offense chargeable under 21 U.S.C. § 841. Rather, the government contends, the quantity involved is a matter for the court to determine at sentencing. Hence, the government argues that the court erred in providing the jury with a verdict form indicating that Segundo was/was not guilty of possessing less than 100 kilograms of marijuana. We review de novo the district court's interpretation of 21 U.S.C. § 841.
 
 
 26
 The elements of possession with intent to distribute drugs in violation of 21 U.S.C. § 841(a) are: (1) knowingly (2) possessing the drug (3) with intent to distribute. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). We have held that the quantity of drugs involved is not an element of the offense, but rather a factor for the district court to consider at sentencing. Sotelo-Rivera, 931 F.2d at 1319.
 
 
 27
 Here, the court indicated on the jury verdict form the quantity of marijuana for which Segundo would be sentenced if the jury returned a guilty verdict. In so doing, however, the district court did not transform "quantity" into an element of the offense charged. Indeed, in rendering its verdict, the jury made no finding as to the specific quantity of marijuana for which Segundo was convicted of possessing. Rather, the court determined that the government had not carried its burden of proving that Segundo possessed the quantity of marijuana found in the desert. At sentencing, the district court reiterated its conclusion that Segundo would be sentenced only for the quantity of marijuana in the vehicle. Hence, the government's contention that the court made "quantity" an element of the offense under 21 U.S.C. § 841 is without merit.
 
 II.
 
 28
 The government also contends that the district court committed reversible error by directing a verdict on the quantity of marijuana found in the desert. In so ruling, the court concluded that the evidence did not establish that Segundo ever "possessed" the quantity of marijuana found abandoned in the desert.
 
 
 29
 We review factual findings[1] of the district court under the clearly erroneous standard. United States v. Merrill, 746 F.2d 458, 461 (9th Cir.1984), cert. denied, 469 U.S. 1165 (1985). A factual finding is not "clearly erroneous" unless we are left with the definite and firm conviction that a mistake has been made. Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citation omitted). Indeed, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even though convinced that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently." Id. at 573-74.
 
 
 30
 In this case, the district court held that the government failed to show that Segundo possessed the quantity of marijuana found in the desert. Possession of the marijuana is an essential element of the charged violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii). This possession may be constructive as well as actual. Sotelo-Rivera, 931 F.2d at 1319; United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986). Constructive possession means the exercise of dominion and control over the substance. United States v. Sanchez-Mata, 925 F.2d 1166, 1169 (9th Cir.1991). "Mere proximity to contraband, presence on property where [contraband] is found, and association with a person or persons having control of [the contraband] are all insufficient to establish constructive possession." Id. Hence, to sustain its charge that Segundo possessed the marijuana found in the desert, the government was required to show "sufficient indicia of dominion and control" to support the inference of Segundo's constructive possession of the marijuana found in the desert. Disla, 805 F.2d at 1351.
 
 
 31
 The government contends that the evidence presented at trial unequivocally supports the conclusion that Segundo possessed the quantity of marijuana found by Agent Liston in the desert. To support its contention, the government cites evidence regarding the proximity of Segundo's vehicle at the time of her arrest to the desert site at which Agent Liston found the marijuana several hours later. Specifically, the government cites Agent Narcho's testimony in which the agent stated that he stopped Segundo's vehicle about two hundred to two hundred and fifty yards from the intersection of Routes 10 and 19. The government couples this testimony with Agent Anguiano's testimony that, several hours after Segundo's arrest, he and Agent Liston found the six bales of marijuana about two-tenths of a mile, or three hundred and fifty yards, east of the Route 10-Route 19 intersection.
 
 
 32
 The government also cites Agent Liston's testimony in which the agent stated that he found tire tracks with four grooves and a running W pattern at the site at which the six marijuana bales were found. These tracks ran off the road and ended where a vehicle had stopped in the desert. Agent Liston testified that the tires on Segundo's vehicle had the same pattern. Similarly, Agent Liston testified that he observed footprints left by small, low-heeled shoes at the site at which the marijuana was found.
 
 
 33
 In addition, the government contends that the similarity in the packaging of the bundles of marijuana found in Segundo's vehicle and the bales found in the desert indicates Segundo's possession of both quantities. The government also cites Agent Liston's testimony in which he stated that he found the remains of a cholla cactus where a vehicle had stopped at the site at which the six bales of marijuana were located. The government argues that this testimony ties Segundo to the site because Agent Narcho found pieces of cholla cactus stuck in the grille of Segundo's vehicle.
 
 
 34
 Finally, the government contends that Segundo's admissions at sentencing not only tie Segundo to the location in the desert at which the six marijuana bales were found, but also indicate that she possessed such marijuana. Specifically, she admitted to the court that she was in the car with another individual, who was driving, when they were spotted by Agent Narcho. She testified that, upon seeing Agent Narcho, the driver pulled off the road into the desert area, pushed her out of the car, and unloaded some marijuana. According to Segundo, the driver then walked away, leaving Segundo with the car and the remaining marijuana.
 
 
 35
 Viewed in its entirety, the evidence presented by the government does not support the conclusion that the district court's directed verdict on the marijuana in the desert was clearly erroneous.
 
 
 36
 With respect to the tire tracks testimony, the government presented no evidence to show that the tracks observed by Agent Liston were made by Segundo's particular vehicle. Instead, Officer Liston testified that the tread design of Segundo's vehicle was that of "[j]ust a regular highway tire." Such testimony suggests the possibility of the treads being left by any number of other vehicles.
 
 
 37
 Similarly, the government did not present any evidence at trial as to the kind of shoes Segundo was wearing on the night in question. Hence, the government failed to establish that Segundo left the footprints observed by Agent Liston.
 
 
 38
 With respect to the similar packaging of the two sets of marijuana bundles, the government presented no evidence to show that such packaging was distinctive in any way and hence, that the two sets of marijuana bundles were prepared together. As for the cholla cactus evidence, Agent Narcho testified that cholla cactus is virtually everywhere in the Tohono O'Odham reservation area. Hence, the connection between the cholla cactus remnants in the grille of Segundo's vehicle and the damaged cholla plant at the site at which the marijuana was found is tenuous.
 
 
 39
 Finally, Segundo's statements at sentencing likewise do not unequivocally tie her to the area in which the marijuana was located. Indeed, the government presented no evidence to indicate that the area in which Segundo was arrested was secured or surveilled prior to Agent Liston's arrival about three or four hours later. Secondly, even if we assume that the marijuana found in the desert by Agent Liston was in Segundo's vehicle at some time, Segundo's statements still do not establish her dominion and control, or constructive possession, of any marijuana other than the quantity found in her vehicle by Agent Narcho.
 
 
 40
 In light of the ambiguous and incomplete nature of the evidence presented by the government, we cannot conclude that the district court's view of such evidence was implausible. Hence, we find that the district court's directed verdict against the government on the quantity of marijuana found in the desert was not clearly erroneous.
 
 
 41
 Accordingly, we AFFIRM.
 
 
 42
 Accordingly, we find that the district court's ruling was indeed a finding of fact.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government argues that the district judge's comments during the trial indicate that his ruling regarding the quantity of marijuana involved was not a finding of fact, but rather, a device to avoid the mandatory minimum. Although the record does reveal the court's frustration with the Sentencing Guidelines, the court articulated the following, separate rationale for its ruling:
 [T]he officer ... testified about the marijuana that was in the desert, but never tied it to the same location where Narcho said that he saw the Defendant's car."