**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis SOTELO–RIVERA,**
**Defendant–Appellant.**

**No. 89–10082.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 1990.

Opinion Filed June 26, 1990.

Opinion Withdrawn May 1, 1991.

Decided May 1, 1991.

Jose H. Robles and Frank R. Zapata, Asst. Federal Public Defenders, Tucson, Ariz., for defendant-appellant.

Joelyn D. Marlow, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before WALLACE, Chief Judge, ALARCON and LEAVY, Circuit Judges.

## ORDER

The appellee's Petition for Rehearing is hereby GRANTED. The Opinion previously filed on June 26, 1990, and reported at 906 F.2d 1324, is hereby WITHDRAWN.

LEAVY, Circuit Judge:

Jose Luis Sotelo–Rivera ("Sotelo") appeals from his conviction for possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) (1988). Sotelo claims the trial court erred in denying his motion for judgment of acquittal and in refusing to instruct the jury on the lesser-included offense of possession with intent to distribute less than 100 kilograms of marijuana. We affirm the conviction and remand for resentencing.

## FACTS AND PROCEEDINGS

At about 7:00 p.m. on October 3, 1988, U.S. Customs Special Agent Lee Morgan was traveling north on Leslie Canyon Road approximately six miles from Douglas, Arizona. At that time, Agent Morgan noticed a man wearing a white baseball cap, T-shirt, blue jeans, and white tennis shoes walking south towards Douglas. After continuing north one-half mile, Morgan discovered a green and white Blazer parked on the roadside facing south.

Morgan continued up the road, but returned to the Blazer ten minutes later. He noticed that the Blazer's left rear tire was flat. Using a flashlight and the headlights of his car to illuminate the area, Morgan spotted the Blazer's spare tire, torn and flat, in the front passenger seat. Morgan also saw what appeared to be five bundles of marijuana in the back of the Blazer.

Morgan and two other agents maintained surveillance of the Blazer until 10:30 p.m., when a Ford van travelling north made a "U-turn" and parked right next to it. Morgan and another agent approached the van and Blazer in a vehicle and, at a distance of about twenty-five yards, turned on the headlights in time to observe an individual moving back and forth between the back of the Blazer and the van. Upon identifying themselves as police officers, the suspect began to run into the desert, but stopped upon command. After his arrest, it was discovered the suspect, the defendant Sotelo, had keys to the Blazer and was also the owner of the Ford van. Sotelo was wearing a white ball cap, T-shirt, blue jeans and tennis shoes, although Morgan could not identify him as the same individual he had seen three and a half hours earlier.

Morgan testified that the backs of both vehicles were open and that two bundles of marijuana were found in the Blazer while three bundles were found in the van. None of the agents saw Sotelo handle or transfer any of the bundles. All five bundles together weighed over 100 kilograms, for a total of 328 pounds. Sotelo told the officers that the Blazer and marijuana belonged to Jorge Antonio Medina and that Medina had hired him to change the flat tire on the Blazer for $150.00. Sotelo's wife testified that her husband was with her all day and into the evening, but that he had left with the van at 10:00 p.m. after being visited by a man whom she thought was Medina.

On November 2, 1988, Sotelo was indicted for possession with intent to distribute more than 100 kilograms (or 328 pounds) of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii). A jury found Sotelo guilty as charged in the indictment. The court denied Sotelo's request for an instruction that if the jury found he possessed only the three bundles found in the van, he could be acquitted of the greater offense of possession of more than 100 kilograms of marijuana, but found guilty of the lesser-included offense of possession with the intent to distribute less than 100 kilograms of marijuana. The court also

denied Sotelo's motion for judgment of acquittal.

On February 13, 1989, the district court sentenced Sotelo to five years imprisonment followed by four years of supervised release. Sotelo timely appeals from the judgment and sentence.

## DISCUSSION

### I. JUDGMENT OF ACQUITTAL

Sotelo moved pursuant to Fed.R.Crim.P. 29 for a judgment of acquittal based on the government's failure to present sufficient evidence that he "possessed" more than 100 kilograms (all five bundles) of marijuana. Rule 29(a) provides that the court shall order the entry of judgment of acquittal "if the evidence is insufficient to sustain a conviction." "We review the denial of a motion for judgment of acquittal ... to determine whether, viewing the evidence in the light most favorable to the Government, there was substantial relevant evidence produced from which the jury reasonably could have found the defendant guilty beyond a reasonable doubt." *United States v. Sarault*, 840 F.2d 1479, 1487 (9th Cir.1988).

In order to sustain a conviction of the crime charged in the indictment, the government had to prove Sotelo had "dominion and control" over all five bundles of marijuana. *See United States v. Castillo*, 866 F.2d 1071, 1086 (9th Cir.1988). Dominion and control can be established by proof of actual physical custody or constructive possession. *Id.* Constructive possession exists if the person "has sufficient dominion and control to give him the power of disposal." *Id.* Moreover, " '[i]f the defendant has exclusive control over the premises where contraband is found, then ... control may be inferred.' " *Id.* (quoting *United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir.1985)).

It is clear Sotelo had actual physical custody of the three bundles of marijuana found in his van. The jury could also have reasonably concluded from the evidence that Sotelo constructively possessed the other two bundles: he was alone, he had keys to the Blazer, and three of the five bundles from the Blazer were found in his van. Under these circumstances, we find that the conviction was supported by the evidence.

### II. LESSER–INCLUDED OFFENSE INSTRUCTION

Sotelo argues that the trial court erred in failing to instruct the jury on the lesser-included offense of possession of less than 100 kilograms of marijuana with the intent to distribute. The government originally argued, both below and on appeal, that Sotelo was not entitled to a lesser-included instruction or, in the alternative, that the special verdict form was the functional equivalent of a lesser-included instruction. In its Petition for Rehearing the government now argues for the first time that Sotelo would not have been entitled to a lesser-included instruction in any event because drug quantity is not an element of an offense under 21 U.S.C. § 841(a).

We need not resolve the question of whether and under what circumstances Sotelo might have been entitled to a lesser-included instruction. *Cf. United States v. Walker*, 915 F.2d 480, 486–87 & n. 3 (9th Cir.1990). Section 841(a) does not specify drug quantity as an element of the substantive offense of possession with intent to distribute; quantity is instead relevant to the penalty provisions of section 841(b), and is a matter for the district court at sentencing. *See United States v. Rosales*, 917 F.2d 1220, 1223 (9th Cir.1990); *United States v. Walker*, 915 F.2d at 486; *United States v. Klein*, 860 F.2d 1489, 1494–95 (9th Cir.1988); *United States v. Kinsey*, 843 F.2d 383, 391–92 (9th Cir.), *cert. denied*, 487 U.S. 1223, 108 S.Ct. 2882, 101 L.Ed.2d 916 (1988). Because the record does not reflect that the district judge made any determination of the quantity of marijuana possessed, we must remand for resentencing.

AFFIRMED IN PART; REMANDED IN PART.