943 F.2d 56
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald W.V. HO, Defendant-Appellant.
 No. 90-10500.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 14, 1991.
Decided Sept. 13, 1991.
 
 Before: JAMES R. BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm Ho's convictions on four counts of drug related offenses and his sentence.
 
 
 3
 Ho asserts the trial court erred in denying his motion to suppress evidence taken from his car and electronic organizer. Ho's first argument is that the DEA agents did not have probable cause to arrest. "There is probable cause for a warrantless arrest ... if, under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime." United States v. Gonzales, 749 F.2d 1329, 1337 (9th Cir.1984). Although " 'a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause,' " United States v. Baron, 860 F.2d 911, 917 (9th Cir.1988) (quoting Ybarra v. Illinois, 444 U.S. 85, 91 (1979)), Ho's argument the agents did not have any information other than Ho's association with a known criminal, the informant Silva, is meritless. At the time of Ho's arrest, the agents knew: (1) a man named "Ron" had asked Silva to pick up Fletcher at the airport and drive her to Century Center; (2) Silva believed "Ron" to be a marijuana dealer; (3) Fletcher was transporting cocaine; (4) Ho wanted to meet Silva after hearing that Fletcher was panicked about the "stuff"; (5) Silva and Ron met and Silva indicated that "it" was in the trunk of his car; (6) and Ron wanted to leave the restaurant parking area for a more remote location where there were fewer people around. Reasonable inferences drawn from this evidence implicated Ho in the cocaine found on Fletcher and constituted probable cause.
 
 
 4
 Ho argues that because all of the information relied upon for the arrest was available to the agents prior to the meeting between Ho and Silva, the agents deliberately timed his arrest as a pretext to engage in a search of his car incident to the arrest. "An arrest may not be used as a pretext to search for evidence. Whether an arrest is a mere pretext to search turns on the motivation or primary purpose of the arresting officers." United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986) (citations omitted). The district court determined, based on the testimony of one of the agents, that the motive for the arrest at the particular time was to avoid a possible automobile chase and the attendant risk that the defendant would escape. In light of Ho's failure to present any evidence to support his contention that this finding was clearly erroneous, we affirm the district court.
 
 
 5
 Ho contends the warrantless search of his car was illegal because the DEA agents did not have probable cause to believe there was evidence or contraband in the car, as required by United States v. Ross, 456 U.S. 798, 809 (1982). However, the search was incident to a lawful arrest. Because Ho was arrested while he was sitting in his car, the DEA agents were permitted to perform a warrantless search of the passenger compartment of the vehicle and all enclosed containers found inside. See New York v. Belton, 453 U.S. 454, 460-61 (1981); United States v. Fixen, 780 F.2d 1434, 1438 (9th Cir.1986). The subsequent discovery in the passenger compartment of drug paraphernalia then gave the requisite probable cause to search the entire car, including the trunk. See United States v. Alvarez, 899 F.2d 833, 839 (9th Cir.1990) (frisk revealing concealed weapons on defendant provided probable cause to search car and trunk for contraband).
 
 
 6
 We reject Ho's contention that the DEA agents' examination of the contents of Ho's electronic organizer without a warrant was a violation of his fourth amendment rights. Under California v. Acevedo, 111 S.Ct. 1982, 1991 (1991), "[t]he police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." In this case, there was probable cause to search for a code list of buyers: the agents had reason to believe Ho was the intended recipient of the cocaine found on Fletcher; that Ho conducted drug transactions through the use of a digital telephone pager; and that individuals calling Ho had personal code numbers indentifying them.
 
 
 7
 Ho next argues that there was insufficient evidence to convict him of conspiracy with Fletcher and Silva to distribute and to possess with intent to distribute approximately four kilos of cocaine. "The essential elements of conspiracy are (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." United States v. Meyers, 847 F.2d 1408, 1412-13 (9th Cir.1988). Although there was no direct evidence of communications between Ho, Silva, and Fletcher, there was evidence of a prior relationship between Ho and Fletcher involving drug distribution.[1] There was also circumstantial evidence linking Ho to the four kilos found on Fletcher and to Silva: a payment entry in Ho's electronic organizer indicating a cash disbursement in an amount consistent with the prevailing price of four kilos cocaine in California; an entry "960 VAN AIR" which could be inferred to be the price of Vanessa Fletcher's airline ticket to California; Fletcher's association while in Los Angeles with two individuals to whom Silva had delivered a large quantity of money at the behest of Ho in October of 1989; the packaging of the four kilos matched cocaine packaging materials found in Ho's apartment; Ho's request to Silva that Silva pick up Fletcher at the airport; Silva's call to Ho in which they discussed meeting to transfer the "stuff"; and the subsequent meeting. A reasonable jury could infer from this evidence that Ho, Silva and Fletcher were engaged in a conspiracy to distribute and possess with intent to distribute four kilos of cocaine.
 
 
 8
 Ho also argues there was insufficient evidence to convict of the substantive count of possession with intent to distribute 500 or more grams, to wit, approximately three kilograms of cocaine, more or less, in September-October 1989, because the sole basis for the conviction was a sheet, determined by a forensics expert to be in Ho's handwriting, from a note pad discovered in Ho's apartment. DEA Agent Nazarchyk, who the court qualified as an expert witness on the recordkeeping practices of drug traffickers and the deciphering of drug records, interpreted the writing as the distribution record of three kilos of cocaine. The jury obviously determined Nazarchyk's testimony to be credible. This court will not overturn a credibility determination made below. United States v. Hodges, 770 F.2d 1475, 1478 (9th Cir.1985). A rational jury could conclude that defendant was engaged in distribution of cocaine based on the writing.[2]
 
 
 9
 In attacking his sentence, appellant argues that the district court's finding that Ho had distributed 38.1 kilograms of cocaine, 18.4 kilograms of which was the cocaine equivalent of 3.68 kilograms of crystal methamphetamine was clearly erroneous. The finding was based on the declaration of Agent Nazarchyk, who reviewed the drug records discovered in Ho's apartment and calculated a total of 41.4 kilograms of cocaine distributed. The parties, by stipulation, then agreed to deduct 3.3 kilograms to account for possible duplications. This case is similar to United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), in which this court upheld a district court finding regarding the estimated quantity of methamphetamine produced in defendant's lab based on the opinion of the government's expert witness. Ho's attempt to distinguish Upshaw on the ground that there the defendant was able to challenge the government's witness by presenting scientific evidence regarding the amount of methamphetamine capable of being produced in defendant's lab, is unavailing. Nothing prevented Ho from offering an alternative theory regarding the records, e.g., that they were records of legitimate business transactions, or that the amounts estimated were less than Nazarchyk believed.[3]
 
 
 10
 Ho contests the district court's imposition of a fine of $20,000 plus costs of incarceration for one year at $1,415 on the ground the court clearly erred in finding Ho was able to pay the fine and costs of incarceration. "The guidelines establish that it is the defendant's burden to prove he is unable to pay a fine." United States v. Rafferty, 911 F.2d 227, 232 (9th Cir.1990). Ho declined to be interviewed by the probation office; the presentence report was therefore unable to determine his financial resources. We find that there was sufficient evidence to support the court's finding. Specifically, Ho was arrested carrying more than $3,000 in cash and Ho's drug records indicate Ho had at least a net balance of $21,715 in cash on hand. In light of Ho's lack of cooperation, the district court's finding is not clearly erroneous.
 
 
 11
 Lastly, Ho contends that the district court's finding that he was the manager or supervisor of a criminal activity involving five or more participants was clearly erroneous because it relied solely on the evidence presented by Agent Nazarchyk. The government correctly notes, however, that evidence presented at trial indicated that there were at least five participants involved in the shipment of the four kilos found on Fletcher: Ho, Fletcher, Silva, and two men in Los Angeles who supplied Fletcher with the cocaine. This evidence is sufficient to support the court's finding of a managerial/supervisory role. We therefore affirm the district court's increase of Ho's offense level by three as required by U.S.S.G. § 3B1.1(b).
 
 
 12
 The conviction and sentence are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The evidence included the "To whomever" memo found in Ho's apartment which stated that Ho had "been asked to take over the 'business,' " and described the method of communication and codes, and the "pay & owe" drug distribution records found in Ho's apartment, one of which was for "Vanessa," Fletcher's first name
 
 
 [2]
 The discrepancy between Nazarchyk's testimony that three kilograms had been distributed and the jury's special finding that Ho had distributed 798 grams has no effect on the conviction; the statute, 21 U.S.C. § 841(a)(1), does not specify drug quantity as an element of the substantive offense; quantity is instead relevant to sentencing only. United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991). In this case, the discrepancy also has no effect on the sentence. Ho was sentenced at a base offense level of 34. The category encompasses all amounts between 15 kilograms and 50 kilograms of cocaine. Even if the judge had adopted the jury's finding of 798 grams, the sentence would remain in this category
 
 
 [3]
 Ho also argues that the government failed to prove the meaning of the records by the standard of proof required by United States v. Restrepo, 903 F.2d 648, 654 (9th Cir.), reh'g en banc granted, 912 F.2d 1568-69 (1990). However, the district court specifically noted that it believed that the government had met the standard referred to in Restrepo. Ho further contends Nazarchyk failed to offer any corroborating evidence for his interpretation of the records. United States v. Ross, 920 F.2d 1530, 1538 (10th Cir.1990), cited by Ho, does not require corroboration, but merely states that the government must show by a preponderance of the evidence that the ledgers are drug transaction records