956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose DeJesus LIMON, Defendant-Appellant.
 No. 90-50554.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 3, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose DeJesus Limon appeals his jury conviction for one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). He contends that insufficient evidence supported his conviction because the government did not establish that he knowingly possessed the drug. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We examine the sufficiency of the evidence to support a conviction by reviewing the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Sharif, 817 F.2d 1375, 1377 (9th Cir.1987). We must assume that the jury resolved such matters as the credibility of witnesses and evidentiary conflicts in a manner that supports the verdict. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987). Where, as here, the defense fails to renew a motion for acquittal at the close of all evidence, we review the sufficiency of the evidence only for plain error. United States v. Ramirez, 880 F.2d 236, 238 (9th Cir.1989).
 
 
 4
 To sustain a conviction for possession of a controlled substance with intent to distribute, the government must prove that the defendant actually or constructively possessed the drug. United States v. Chambers, 918 F.2d 1455, 1457 (9th Cir.1990). The government must also prove that the possession was knowing. Id. at 1458. To prove possession, the government must show that the defendant had dominion and control over the drug. United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1988). Circumstantial evidence that the defendant had power to dispose of the drug may establish constructive possession. Chambers, 918 F.2d at 1457. If the defendant had exclusive control over the premises where the drug is found, the jury may infer control and knowledge. United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), petition for cert. filed, No. 91-6086 (U.S. October 15, 1991); Castillo, 866 F.2d at 1086. "[M]ere possession of a substantial quantity of narcotics" also supports an inference of knowledge. United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.1990).
 
 
 5
 Here, Drug Enforcement Administration agents testified that they saw an apparently heavily loaded van drive into the garage attached to Limon's house. When the van left half an hour later, it rode higher in the back. The agents saw Limon come out of the garage and talk with the driver of the van. A few minutes later, they saw Limon walk outside with a dog on a leash. He appeared to be performing "countersurveillance" around the neighborhood. The next day, the agents searched the house and found a white truck containing 2100 pounds of marijuana in the back yard next to the garage. They found the keys to the truck inside the house. Limon's brother and a friend testified for the defense.
 
 
 6
 The fact that Limon lived in the house and the agents' testimony that he was present when the van delivered the marijuana established that he had control over the premises and therefore constructively possessed the drug. See Sotelo-Rivera, 931 F.2d at 1319; Castillo, 866 F.2d at 1086. The jury could have inferred knowledge from the large quantity of marijuana alone. See Barbosa, 906 F.2d at 1368. Any conflict between the agents' testimony and the defense witnesses' testimony was for the jury to resolve. See Goode, 814 F.2d at 1355. Accordingly, there was no plain error regarding the sufficiency of the evidence. See Jackson, 443 U.S. at 319; Ramirez, 880 F.2d at 238.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3