977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Regina JONES, Defendant-Appellant.
 No. 91-50763.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 28, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jones appeals her sentence following her conviction for conspiracy to possess and to distribute phencyclidine (PCP) in violation of 21 U.S.C. §§ 841(a)(1) and 846. She claims that the district court erred in calculating her base offense level when it found that the controlled substance she conspired to possess and distribute contained 1,010 grams of pure PCP. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Jones contends that the district court was precluded from finding that the substance at issue contained 1,010 grams of pure PCP, and alternatively that the government failed to offer sufficient proof that the substance contained 1,010 grams of pure PCP. We review the district court's application of the Sentencing Guidelines de novo. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990). We review the district court's factual findings in the sentencing phase for clear error. See United States v. Peters, 962 F.2d 1410, 1414 (9th Cir.1992).
 
 
 4
 Jones's first contention is that the district court should have been precluded from concluding that the substance was 1,010 grams of pure PCP because she never admitted that it was pure PCP. The indictment to which she pled guilty charged her with conspiring to possess and distribute "1,010 grams of phencyclidine (PCP);" it did not charge her with conspiring to possess and distribute 1,010 grams of "pure" PCP. The difference is significant to determining her sentence length, as the Sentencing Guidelines provide for different base offense levels depending on the amount and purity of PCP. 1,010 grams of pure PCP warrants a base offense level of 36, with a sentence range of 188-235 months, whereas 1,010 grams of a mixture containing PCP warrants a base offense level of 32, with a sentence range of 121-151 months. See U.S.S.G. §§ 2D1.1(a)(4) and (a)(6).
 
 
 5
 It is unclear whether the indictment meant to charge Jones with a conspiracy involving 1,010 grams of pure PCP or 1,010 grams of a mixture containing PCP. The government claimed at the sentencing hearing that to allege "pure" PCP in the indictment would have been redundant, and that if the government had meant to allege a mixture containing PCP it would have used the phrase "a mixture containing PCP." However, it appears that the 1,010 grams of pure PCP was indeed contained in a larger mixture or substance. That substance, apparently, is what the government referred to in its indictment when it charged Jones with negotiating the sale of three gallons of PCP. Significantly, the government did not allege that Jones sold three gallons of a mixture containing PCP but simply that she sold "three gallons of PCP." This omission causes us to doubt the government's claim that had it meant to charge Jones with a conspiracy involving 1,010 grams of mixture containing PCP it would have so indicated, and also its claim that the use of the word "pure" would have been redundant.
 
 
 6
 However, even if we assume for the sake of argument that the indictment should have alleged "pure PCP" rather than simply "PCP," the district court still was free to sentence based on the actual amount and purity of the PCP involved. As an initial matter, we observe that there is no indication that Jones's guilty plea was not valid. The indictment to which she pleaded contained all the elements of the offense; the quantity or purity of the substance is not an element of the substantive offense. See United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992). Her plea was not conditioned on a particular sentence, and she was advised by the district court that any sentence calculations provided her were merely predictions. Defense counsel also indicated that he had made no promises to Jones regarding the length of her sentence. When informed that her base offense level was 36, finally, she did not move to withdraw her guilty plea, nor has she challenged the validity of that plea on appeal.
 
 
 7
 Turning to Jones's sentencing, we have held that a district court is not bound by inaccurate stipulations in a plea agreement. United States v. Mason, --- F.2d ---- (9th Cir.1992). The parties in Mason stipulated that less than five grams of cocaine was involved in the alleged conspiracy, but the presentence report indicated that a greater amount was involved. The district court imposed a sentence based on the presentence report rather than the plea agreement. Id. at ----. Based on our holding in Mason, we conclude that even if the indictment was inaccurate as to the amount and purity of PCP, the district court was not bound to sentence according to the allegations in the indictment. See also United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990) (a district court is not bound to accept the truth of a stipulation that affects the sentencing decision); U.S.S.G. § 6B1.4 (the court is not bound by a stipulation in a plea agreement, "but may with the aid of the presentence report, determine the facts relevant to sentencing").
 
 
 8
 This brings us to the question of whether the district court erred in concluding that 1,010 grams of pure PCP was involved. The government had the burden to prove by a preponderance of the evidence that the amount of substance involved in this conspiracy was 1,010 grams of pure PCP. United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). At the sentencing hearing, the government proffered a lab report which concluded that there were 1,010 grams of pure PCP in the substance Jones sold. An agent was also present to testify as to the contents of the report. Jones's counsel did not question the accuracy of this report, nor did he request that the agent testify at the hearing. On appeal, Jones simply questions whether the lab technician properly analyzed the substance in question. Based on this record, we hold that the government has satisfied its burden of proof. Although a more extensive inquiry by the trial court into the contents of the lab report may have been preferable, it was not clear error for the court to find that 1,010 grams of pure PCP was involved and to sentence accordingly.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3