993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Lewis TAYLOR, Defendant-Appellant.
 No. 92-30099.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1993.*
Decided May 13, 1993.
 
 1
 Before: PREGERSON and KLEINFELD, Circuit Judges, and INGRAM, District Judge.**
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 On April 24, 1991, Edward Lewis Taylor was riding as a passenger in a car driven by his co-defendant, Larry Burns. Portland Police Bureau Officers Svilar and Kruger stopped Taylor and Burns after observing that the car had no license plates, front or back, and after observing Taylor throw a small white object out the car window. Burns was arrested when the officers discovered that he did not possess a driver's license. Taylor was arrested after Officer Svilar found baggies of "crack" cocaine and marijuana at the location where Taylor had thrown out the small white object.
 
 
 4
 On August 13, 1991, the grand jury issued a superceding indictment charging Taylor and Burns with knowing possession of a substance containing cocaine base in violation of 21 U.S.C. § 844.
 
 
 5
 Taylor and Burns were jointly tried. On December 13, 1991, the jury entered a verdict of guilty as charged against Taylor. The jury acquitted Burns. On February 18, 1992, the district court sentenced Taylor under the Sentencing Guidelines to 110 months' imprisonment.
 
 
 6
 On appeal, Taylor challenges (1) the district court's pre-trial denial of his motion to suppress, (2) the district court's post-trial denial of his motion for judgment of acquittal, and (3) the district court's refusal to depart downward at sentencing. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 DISCUSSION
 
 7
 1. Did the district court err by denying Taylor's motion to suppress the evidence derived from the investigatory stop and arrest?
 
 
 8
 We review de novo whether a police officer had reasonable suspicion to justify an investigatory stop. United States v. Alvarez, 899 F.2d 833, 836 (9th Cir.1990), cert. denied, 498 U.S. 1024 (1991). We review for clear error the district court's determination that the stop and arrest were not a pretext for a warrantless search. United States v. Espinosa, 827 F.2d 604, 609 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988).
 
 
 9
 In this case, reasonable suspicion to stop the car in which Taylor was riding was based on the absence of license plates on the vehicle. See United States v. Baker, 850 F.2d 1365, 1368 (9th Cir.1988) (traffic violations constitute criminal conduct sufficient to justify a brief investigatory stop). In addition, once Taylor threw the white object out the car window, the officers had reasonable suspicion to stop based on the offense of littering.
 
 
 10
 Assessing the "totality of the circumstances," Alvarez, 899 F.2d at 836, we find that the police officers had reasonable suspicion to stop the car. In addition, the district court's determination that this was not a "pretext" stop and arrest was not clearly erroneous. Therefore, the district court did not err by denying Taylor's motion to suppress.
 
 
 11
 2. Did the district court properly deny Taylor's motion for judgment of acquittal?
 
 
 12
 "We review the denial of a motion for judgment of acquittal [under Fed.R.Crim.P. 29(a) ] ... to determine whether, viewing the evidence in the light most favorable to the Government, there was substantial relevant evidence produced from which the jury reasonably could have found the defendant guilty beyond a reasonable doubt." United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992) (citations omitted).
 
 
 13
 Taylor was indicted and convicted for possession of a substance containing cocaine base under 21 U.S.C. § 844. Officer Svilar testified that Taylor threw a small white object out of the automobile window. Officer Svilar also testified that within several minutes, he found baggies of "crack" cocaine in the location where Taylor had thrown the object. Viewed in the light most favorable to the government, this evidence would permit a rational trier of fact to conclude beyond a reasonable doubt that Taylor was in possession of the cocaine base substance. Thus, the district court did not err by denying Taylor's motion for judgment of acquittal.
 
 
 14
 3. Did the district court err by failing to depart downward?
 
 
 15
 We do not have jurisdiction to review a district court's decision not to depart downward unless (1) the district court incorrectly determined there was no legal basis to depart, and (2) the district court indicates it would have otherwise departed. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 16
 In this case, the district court did not indicate that there was no legal basis to depart downward. We, therefore, cannot review the district court's discretionary decision not to depart. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William A. Ingram, Senior District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3