993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe ORTIZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abraham JAIMES, Defendant-Appellant.
 Nos. 92-30298, 92-30311.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1993.*
Decided May 13, 1993.
 
 1
 Before: PREGERSON, and KLEINFELD, Circuit Judges, LEGGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 On August 20, 1991, Joe Ortiz and Abraham Jaimes were involved together in a cocaine transaction. They were arrested and charged in the same indictment with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 846. The indictment originally listed the quantity of more than 500 grams of cocaine. Because of plea agreements with Ortiz and Jaimes, the government requested that the district court delete the quantity reference from the indictment. Ortiz and Jaimes each pled guilty to the charge in the amended indictment. The district court sentenced each of them to 60 months' imprisonment based on the five-year mandatory minimum sentence provided in 21 U.S.C. § 841(b)(1)(B)(ii)(II), which supplies the penalty for distribution of 500 or more grams of cocaine. Ortiz and Jaimes filed separate appeals, which are consolidated here. They each raise the same issue on appeal: was the district court obligated to impose the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) when the indictment contained no reference to a specific drug quantity? We have jurisdiction under 28 U.S.C. § 1292 and 21 U.S.C. § 3742. We affirm both sentences.
 
 DISCUSSION
 
 4
 We review de novo the legality of a sentence. United States v. Turner, 898 F.2d 705, 708 (9th Cir.), cert. denied, 495 U.S. 962 (1990). We review for clear error the district court's factual findings in the sentencing phase of the proceedings. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 5
 In United States v. Sotelo-Rivera, 931 F.2d 1317 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992), we held the following: "Section 841(a) does not specify drug quantity as an element of the substantive offense of possession with intent to distribute; quantity is instead relevant to the penalty provisions of section 841(b), and is a matter for the district court at sentencing." Id. at 1319 (citing United States v. Rosales, 917 F.2d 1220, 1223 (9th Cir.1990); United States v. Walker, 915 F.2d 480, 486 (9th Cir.1990); United States v. Klein, 860 F.2d 1489, 1494-95 (9th Cir.1988); United States v. Kinsey, 843 F.2d 383, 391-92 (9th Cir.), cert. denied, 487 U.S. 1223 (1988)).
 
 
 6
 Because quantity is not an element of an offense under section 841(a), the government did not have the burden of pleading the quantity in the indictment or proving the quantity beyond a reasonable doubt in order for Ortiz and Jaimes to be subject to the enhanced penalty provisions of section 841(b)(1)(B).
 
 
 7
 With respect to Ortiz, the district court specifically stated in its Findings of Fact Order that "[t]he parties agree that the offense of conviction involves more than 500 grams of cocaine...." With respect to Jaimes, the district court adopted the findings of the Presentence Report, which found that the drug conspiracy involved one kilogram of cocaine. These findings were not clearly erroneous. We therefore hold that the district court did not err by sentencing Ortiz and Jaimes under the mandatory minimum provision of 21 U.S.C. § 841(b)(1)(B).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3