5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Randall Keith GLOVER, Defendant-Appellant.
 No. 92-50388.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1993.*
Decided Aug. 24, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-92-0052-RSWL, Ronald S.W. Lew, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before NOONAN, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randall Glover was convicted of possessing methamphetamine with intent to distribute, 21 U.S.C. Sec. 841(a), and using a firearm in a drug trafficking crime. 18 U.S.C. Sec. 924(c). On appeal, he argues that the district court abused its discretion regarding evidence, discovery, and the verdict form. We affirm.
 
 I. Discovery of Internal Guidelines
 
 3
 The denial of a request for discovery is reviewed for abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.), cert. denied, 113 S.Ct. 290 (1992).
 
 
 4
 Glover requested discovery of the U.S. Attorney's internal guidelines for how much methamphetamine would justify federal prosecution. His theory was that the city police planted additional methamphetamine, beyond what he already had, so that federal authorities would prosecute the case. Since the federal decision is a matter of executive branch discretion and the federal authorities could prosecute even for a smaller amount of methamphetamine, the district court did not abuse its discretion in denying the requested discovery.
 
 
 5
 II. Difference between state and federal sentence
 
 
 6
 We review the court's evidentiary rulings for abuse of discretion. United States v. Catabran, 836 F.2d 453 (9th Cir.1988). Reversal is proper only if a nonconstitutional error more likely than not affected the verdict. United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987).
 
 
 7
 Glover argues that trial court abused its discretion by excluding all evidence of the difference between the potential penalties in state and federal court. He wanted to demonstrate a motive for planting additional methamphetamine to get the higher federal sentence. But the possession he conceded sufficed for the crime charged. The evidence would have had only marginal relevance to the issues before the jury. See United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.), cert. denied, 112 S.Ct. 1186 (1991). It would have created a risk of jury confusion about how to use it, if the only relevance the jurors could see was to give the defendant an undeserved acquittal if they thought the state sentence was fairer than the federal sentence. The district judge did not abuse his discretion in denying admission.
 
 III. Failure to give a special verdict
 
 8
 Glover argues the trial judge erroneously refused to give a special verdict which would have allowed the jury to decide how much methamphetamine he had. "As a general rule, the court has complete discretion over whether to have the jury return a special verdict." Floyd v. Laws, 929 F.2d 1390, 1395 (9th Cir.1991).
 
 
 9
 The trial judge did not abuse his discretion in refusing to issue a special verdict, because whether there are enough drugs to trigger 21 U.S.C. Sec. 841(b) "is a matter for the district court at sentencing." Sotelo-Rivera, 931 F.2d at 1319. The cases that Glover cites, including United States v. Pforzheimer, 826 F.2d 200, 205 (2nd Cir.1987), and United States v. Pumphrey, 831 F.2d 307 (D.C.Cir.1987), only relate to whether a special verdict would be permissible, not to whether it is obligatory.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3