43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald D. HOLLOWAY, Defendant-Appellant.
 No. 93-36059.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 18, 1994.*
Decided Dec. 9, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Holloway, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. Holloway pled guilty to 18 U.S.C. Sec. 924(c), using or carrying a firearm during and in relation to a drug trafficking crime. He contends the district court erred by denying his claims that (1) the search warrant was invalid; and (2) his plea was involuntary because (a) he was not informed by his counsel or the government that he could not be convicted of a drug related charge unless the number of marijuana plants exceeded one hundred and (b) his counsel and the government informed him that a case would be made against him regardless of the evidence. He also contends that the district court abused its discretion when it refused to grant him an extension of time to file a brief in support of his section 2255 motion. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991), we affirm.
 
 
 3
 Agents of the state may not induce a plea by actual or threatened physical harm or by mental coercion overbearing the will of the defendant. Brady v. United States, 397 U.S. 742, 750 (1970); see also Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir.1986).
 
 
 4
 A voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel is not subject to collateral attack. United States v. Broce, 488 U.S. 563, 574 (1989); Mabry v. Johnson, 467 U.S. 504, 508 (1984). A defendant who pleads guilty waives all pre-plea claims; generally he is limited to alleging that his plea was not voluntary or intelligent, or that he received ineffective assistance of counsel. Broce, 488 U.S. at 569; Mabry, 467 U.S. at 508-09; see also Hill v. Lockhart, 474 U.S. 52, 58 (1985); United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended on other grounds, 907 F.2d 115 (9th Cir.1990). A plea is valid so long as it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. North Carolina v. Alford, 400 U.S. 25, 31 (1970). The assistance of counsel received by a defendant is relevant to the question of whether a defendant's guilty plea was knowing and intelligent insofar as it affects the defendant's knowledge and understanding. Creech v. Arave, 947 F.2d 873, 876 (9th Cir.1991), rev'd on other grounds, 113 S.Ct. 1534 (1993).
 
 A. Challenges to the Search Warrant
 
 5
 Holloway contends for a number of reasons that the search warrant which led to his arrest was invalid. We agree with the district court that Holloway waived all claims related to the search warrant when he pled guilty. See Broce, 488 U.S. at 569; Montilla, 870 F.2d at 552; see also United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981) (Fourth Amendment claims are barred in section 2555 proceedings); Tisnado v. United States, 547 F.2d 452, 455-56 (9th Cir.1976) (same).
 
 
 6
 On appeal, Holloway challenges the search warrant on some grounds which were not raised in district court. Although our holding would foreclose these arguments, we decline to reach these matters because Holloway failed to raise them in his section 2255 motion in district court. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 B. Challenges to the Gun Count
 
 7
 Holloway alleges that only 16 marijuana plants were seized. He contends that his plea to the gun charge was not knowing or intelligent because he was never informed that he could not be convicted of the underlying drug charges if the number of marijuana plants did not exceed 100.[1] In his section 2255 motion in district court, Holloway argued that because there was an insufficient number of plants for proof of the underlying drug trafficking offenses, he could not have been convicted of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). Conviction for manufacturing marijuana under 21 U.S.C. Sec. 841(a) does not require any minimum number of marijuana plants. See United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992). Because Holloway could have been convicted of a drug trafficking crime irrespective of the number of marijuana plants, his challenge to the firearm count fails.
 
 
 8
 On appeal, Holloway cites a notation in a police report indicating a possible problem with the 100 plant minimum. Holloway alleges that had he known this information, he would not have pled guilty to the firearm count; the information would have changed his calculus regarding the risk of going to trial because the penalty for fewer than 100 marijuana plants does not carry a mandatory minimum five-year sentence. On appeal, Holloway also challenges the validity of the gun count on the grounds that the gun found under his mattress would not support a conviction for "using" or "carrying" a gun "during and in relation to" a drug trafficking crime. We decline to reach matters which Holloway failed to raise in his section 2255 motion in district court. See Keller, 902 F.2d at 1395.
 
 C. Challenges to His Plea
 
 9
 At his change of plea hearing, Holloway admitted that he possessed a firearm in his home during the marijuana growing operation and that he grew the marijuana for the purpose and intent of selling and distributing it. Although Holloway testified at his change of plea hearing that no threat had induced his plea, he now contends that the government and his attorney coerced his plea by allegedly informing him that a case would be made against him regardless of the evidence. Yet Holloway does not dispute that long before any such purported threat was made, he made damaging admissions incident to the search of his residence. The record therefore establishes that the threats, even if made, did not induce Holloway's plea. See Brady, 397 U.S. at 750.
 
 
 10
 On appeal, Holloway also raises these additional allegations: (a) he requested an attorney at the time of the search but officers continued to question him thereafter; and (b) counsel informed him that if he insisted on going to trial the prosecutor would give his two co-defendants the gun charge and make sure that Holloway got a ten year sentence. Because Holloway failed to raise these issues in his section 2255 motion in district court, we decline to reach them here. See Keller, 902 F.2d at 1395.
 
 
 11
 Finally, Holloway contends he would have raised in district court the arguments which he raises for the first time on appeal had the district court not denied his motion for an extension of time. Holloway provides no explanation for his failure to include these arguments in his original section 2255 motion. The district court's refusal to permit an extension of time was not an abuse of discretion. See Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990) (district court has the inherent authority to manage its own docket).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Holloway was charged with four counts: (1) conspiracy to manufacture 100 or more marijuana plants in violation of 21 U.S.C. Secs. 841(a)(1) and 846; (2) manufacture of 100 or more marijuana plants in violation of 21 U.S.C. Sec. 841(a) and 18 U.S.C. Sec. 2; (3) possession with intent to distribute 100 or more marijuana plants in violation of 21 U.S.C. Sec. 841(a) and 18 U.S.C. Sec. 2; and (4) using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). Pursuant to the plea agreement, Holloway pled guilty to count 4 and counts 1-3 were dismissed at sentencing