125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alexander E. EGBUNIWE, Defendant-Appellant.
 No. 96-56859.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the Central District of California, Nos. CV-96-01809-WDK, CR-90-00872-WDK; William D. Keller, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alexander E. Egbuniwe, a federal prisoner, appeals pro se the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255, imposed following his jury conviction for conspiracy to possess heroin with the intent to distribute and possession of heroin with the intent to distribute. Egbuniwe contends that he received ineffective assistance of counsel at trial and on appeal. We have jurisdiction under 28 U.S.C. § 2255. We review de novo both an order denying a section 2255 motion and a determination that a defendant received effective assistance of counsel, see McMullen v. United States, 98 F.3d 1155, 1156-57 (9th Cir.), cert. denied, 117 S.Ct. 2444 (1997), and we affirm.
 
 
 3
 To establish ineffective assistance of counsel, a defendant must prove that: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); McMullen, 98 F.3d at 1157-58. If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See Strickland, 466 U.S. at 697; see also Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (noting that appellate counsel not ineffective for failing to raise weak arguments).
 
 
 4
 Each of Egbuniwe's contentions is an ineffective assistance of counsel claim. All contentions are meritless, however, because Egbuniwe has not demonstrated prejudice by his counsel's failure to raise any of these issues. See Strickland, 466 U.S. at 697.
 
 
 5
 Egbuniwe first contends that his counsel was ineffective for failing to argue that the second superseding indictment was defective because (1) Egbuniwe was not charged in the initial indictment, (2) the exact time frame of the conspiracy was not defined, and (3) the indictment improperly charged two conspiracies. These contentions lack merit.
 
 
 6
 First, there is no authority to preclude Egbuniwe's inclusion in a superseding indictment when it is supported by the evidence presented to the grand jury. See United States v. McChristian, 47 F.3d 1499, 1504 (9th Cir.1995). Next, the dates of the conspiracy are alleged with sufficient specificity as "[b]eginning on a date unknown and continuing to "on or about November 6, 1990." See United States v. Harrison-Philpot, 978 F.2d 1520, 1525-26 (9th Cir.1992) (stating that dates of conspiracy alleged with sufficient specificity when illegal activity is within identifiable time frame). Finally, because Egbuniwe was only convicted and sentenced for conspiring to possess heroin with intent to distribute, the number of conspiracies charged in the indictment is moot.
 
 
 7
 Egbuniwe next contends that his counsel was ineffective for failing to argue that there was insufficient evidence to support a finding that Egbuniwe participated in the conspiracy for which he was convicted. We disagree. Evidence offered to support a conviction is sufficient if, viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Here, Egbuniwe's connection with his co-conspirators was established by his presence at a meeting to discuss the smuggling operation, his telephone calls to the potential purchasers of the heroin, his request for Arishi's motel room number from Arum, his meeting with Arum and Irokameje at the motel when he picked up the heroin, the pager message from Ijemba and the fact that his phone number was in Arishi's phone book. Based on this evidence, a rational trier of fact could have found that Egbuniwe participated in the conspiracy to possess with intent to distribute heroin. See id.
 
 
 8
 Egbuniwe next contends that he was denied effective counsel because his counsel failed to argue that the government was required to prove the exact amount of heroin involved in the conspiracy in order to convict. This contention is meritless because specific drug quantity is not an element of the substantive offense. See United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991); 21 U.S.C. §§ 841(a)(1), 846 (1981).
 
 
 9
 Egbuniwe also contends that his counsel was ineffective for failing to argue that he was illegally sentenced because (1) the district court improperly imposed two separate sentences for the same conduct, (2) he was entitled to a downward adjustment for his minor role in the offense, and (3) he was entitled to a downward adjustment for acceptance of responsibility. These contentions lack merit.
 
 
 10
 First, the district court correctly imposed two separate concurrent 169-month sentences on each offense for which Egbuniwe was convicted and, alternatively, sentenced Egbuniwe to 109 months in the event that this court found the 169-month sentence was incorrectly calculated. Second, Egbuniwe was not entitled to a downward adjustment for his minor role in the heroin distribution conspiracy because the record here does not support such a finding. See United States v. Davis, 36 F.3d 1424, 1436-37 (9th Cir.1994) (stating that defendant not minor participant when he knew he was carrying drugs and was prepared to accept money for them); U.S.S.G. § 3B1.2 (1995). Finally, Egbuniwe was not entitled to a reduction for acceptance of responsibility because he contested his factual guilt and the record shows that he perjured himself at trial. See United States v. Barron-Rivera, 922 F.2d 549, 552-53 (9th Cir.1991); see also U.S.S.G. § 3E1.1, comment (n. 4) (1995) (providing that conduct resulting in enhancement for obstruction of justice or impeding administration of justice indicates defendant has not accepted responsibility).
 
 
 11
 Because Egbuniwe fails to demonstrate prejudice from the alleged ineffective assistance of counsel, the district court did not err by denying Egbuniwe's section 2255 motion. See McMullen, 98 F.2d at 1156-57.
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3