133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America
v.
REYES-VILLALOBOS.
 No. 97-10194.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Jorge Luis Reyes-Villalobos appeals from his conviction and 41-month sentence imposed following his guilty plea to possession with intent to distribute marijuana (21 U.S.C. § 841(a)(1)). Reyes-Villalobos contends that he was detained without reasonable suspicion and subsequently arrested without probable cause in violation of the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, see United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996), and affirm.
 
 
 3
 Reyes-Villalobos first contends that officers lacked reasonable suspicion to detain him after a narcotics dog alerted to a car registered to his motel room. This contention lacks merit.
 
 
 4
 Reasonable suspicion justifies the detention of an individual where there exists " 'a particularized and objective basis' for suspecting the person stopped of criminal activity." Ornelas v. United States, 116 S.Ct. 1657, 1661 (1996) (quoting United States v. Cortez, 449 U.S. 411, 417-18 (1981)). Because the car suspected of containing drugs waa registered to the room where Reyes-Villalobos was staying, the officers had reasonable suspicion to detain him to investigate his possible connection to the car. See Ornelas, 116 S.Ct. at 1661.
 
 
 5
 Reyes-Villalobos also contends that the officers lacked probable cause to arrest him after they found marijuana in the car registered to his room. We disagree.
 
 
 6
 "Probable cause to arrest exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the suspect is committing or has committed a crime." United States v. Arzate-Nunez, 18 F.3d 730, 735 (9th Cir.1994). Here, 186 pounds of marijuana was found in a car registered to a small motel room where Reyes-Villalobos was found sleeping. While another occupant of the room claimed responsibility for the car prior to its search, officers found the car's keys, in a common area of the room, supporting the inference that all occupants had constructive possession of the car and its contents. Cf. United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991) (stating that possession of keys to car containing drugs provides support for finding of constructive possession of drugs). Furthermore, the arresting officer stated that based on his experience, the totality of the circumstances indicated that all occupants of the motel room were coconspirators. See United States v. Hoyos, 892 F.2d 1337, 1392 (9th Cir.1989) (stating that experience and expertise of officers involved in investigation and arrest may be considered in determining probable cause); see also United States v. Hillison, 733 F.2d 692, 697 (9th Cir.1984) (stating that close association with suspects supports probable cause finding where criminal activity is contemporaneous with association and "could not nornally be carried on without the knowledge of all persons present"). Accordingly, the officers had probable cause to arrest Reyes-Villalobos. See Jones, 84 F.3d at 1210.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds thls case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3